No. 12,099.

In re Nottingham.

Decided May 28, 1928.   Rehearing denied June 21, 1928.

Mr. C. W. Darrow, Mrs. Sadie H. Korn, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. William W. Gaunt, Assistant, Mr. Frank Delaney, for the people.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

124

Error to a judgment quashing a writ of habeas corpus sued out by G. C. Nottingham.

An information was filed in the county court of Garfield county, charging Nottingham with carrying concealed weapons. On May 4, 1927, Nottingham pleaded guilty, and was sentenced to imprisonment at hard labor for six months "from this date." The court, at the same time, undertook, without any objection on the part of Nottingham, to suspend sentence during good behavior, by adding to the sentence these words: "And it is further considered by the court that the sentence to jail be suspended pending good behavior from this date to the 1st day of January, A. D. 1929. That on any disturbance created by or engaged in by the said defendant, he be confined for the full period of his sentence." On January 24, 1928, in the same court, a jury found Nottingham guilty of assault and battery, and the court sentenced him to pay a fine of $10 and the costs of the proceeding. At the same time the court made a finding in the former case to the effect that Nottingham had "violated the terms and provisions of his parole," and ordered that he be confined in jail for the period of the sentence theretofore imposed. A mittimus was issued, and Nottingham was taken into custody. On his application to the district court, there was issued a writ of habeas corpus, directed to the sheriff. The sheriff made his return; Nottingham replied thereto; whereupon the sheriff moved to quash the writ, which motion the court sustained.

The question that we are urged to decide is whether or not, on the showing made, Nottingham is lawfully held in custody. As nothing short of a decision of that question will finally and satisfactorily dispose of this case, we will pass without discussion the question whether or not the district court has the power to discharge from custody a person convicted of a misdemeanor in a court having co-ordinate jurisdiction in misdemeanor cases, and will proceed to determine the case on its merits.

Assuming, as Nottingham contends, that the district court has such power, the facts disclosed by the record do not entitle him to a discharge from custody.

1. The attempted stay of execution during good behavior is void. Counsel for the people and counsel for the defendant claim that such is the law; and, although there is a conflict among the authorities, the rule above stated is supported, we believe, by the better reason and by the weight of authority. See 8 R. C. L., p. 253, and 16 C. J., p. 1333, citing many cases.

The words "attempting to suspend sentence," as was said in *Neal v. State,* 104 Ga. 509, 30 S. E. 858, "are of no legal force, and consequently should be ignored, and the sentence executed just as if they did not appear" in the sentence. This is not a case of indefinite postponement of the time to pass sentence. Nottingham was sentenced; it was only the execution of the sentence that was postponed. *Grundel v. People,* 33 Colo. 191, 79 Pac. 1022, therefore, has no application to this case.

2. The invalidity of the attempt to suspend execution of the sentence does not affect the validity of the sentence of imprisonment; that sentence may be enforced even after the expiration of the court term, and even after the expiration of six months from the date of sentence, which was the time of imprisonment specified in the sentence. In 16 C. J., p. 1335, the rule is stated thus:

"According to the weight of authority, however, where the court makes an unauthorized order suspending the execution of the sentence it does not prevent the subsequent enforcement thereof, because the validity of the judgment is not affected by such an order, even though it is made a part of the judgment imposing the sentence, and may be enforced at any time after its rendition so long as it remains unexecuted, either before or after the term of court when it was imposed. While a defendant sentenced to a term of imprisonment is entitled to immediate incarceration, yet, if he does not object to the suspension of execution by the court, the judgment during

such suspension remains unexecuted, and can be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. Thus the expiration of the time without imprisonment is in no sense an execution of the sentence; and while defendant is at large under a void order suspending execution of sentence, to which suspension he does not object, he is in the same situation as one who escapes, and may be ordered into custody upon the unexecuted judgment.''

And see: *Morgan v. Adams,* 226 Fed. 719, 141 C. C. A. 475; *State v. Abbott,* 87 S. C. 466, 70 S. E. 6; *Spencer v. State,* 125 Tenn. 64, 140 S. W. 597; *In re Lujan,* 18 N. Mex. 310, 137 Pac. 587; *Neal v. State,* 104 Ga. 509, 30 S. E. 858.

In *Fuller v. State,* 100 Miss. 811, 57 So. 806, the court said: ''It is immaterial that a longer period of time than that for which appellant was sentenced has elapsed since the sentence was imposed. While at large under this void order, to which he did not object, appellant was in the same situation that he would have been, had he simply escaped from custody. In such case the sentence is not satisfied until it has been actually served.''

In the present case, it may be said of Nottingham, as was said of the defendant in *Fuller v. State, supra:* ''The postponement of his imprisonment was presumably with his consent, for it does not appear that he at any time requested, as he had a right to do, to be taken into custody, and consequently he cannot now object to being called upon to serve it.''

In *Mann v. People,* 16 Colo. App. 475, 66 Pac. 452, a defendant was sentenced by a justice of the peace to imprisonment for sixty days. More than three months thereafter the people demanded the issuance of a warrant of commitment. Believing that, because of the expiration of the sixty days (the time of imprisonment fixed in the sentence), he had no power to proceed further in the case, the justice of the peace refused to issue the warrant. The county court, by mandamus, commanded its issuance. Affirming the judgment, the appellate court said: ''The

judgment of conviction did not become void because the respondent failed to issue a writ of commitment on the day of its rendition, and it can be satisfied only by the imprisonment of Graham for sixty days. When the mittimus was demanded, the judgment had not been satisfied, and it was the duty of the respondent to comply with the demand. *People v. Rawson,* 61 Barb. 619; *In re Shaw,* 31 Minn. 44; *Gano v. Hall,* 42 N. Y. 67. It is immaterial that more than sixty days had elapsed since the conviction. Graham was not in prison during that time, and the judgment could be satisfied only by his actual imprisonment for the adjudged period. The duty to issue the writ was mandatory.''

The imprisonment of Nottingham is by virtue, not of the void order of January 24, 1928, but of the valid sentence of May 4, 1927.

The situation seems to be this: Out of consideration for Nottingham, and as an act of mercy, the county court, without any objection on the part of Nottingham, attempted to suspend sentence, so as to give him an opportunity, by behaving himself and refraining from further violating the law, to avoid serving the sentence of imprisonment imposed by the court. Nottingham, by committing an assault and battery, proved unworthy of the confidence reposed in him, undeserving of the leniency shown by the court. He now takes the position that the court had no right to show him that consideration—no power to suspend sentence; that he should have been imprisoned at once; and that because he was not imprisoned forthwith, he cannot be imprisoned at all. As we have seen, the law does not sustain his contention.

3. But counsel for Nottingham say that the sentence for six months was ''at hard labor''; that the county court has no authority to include such provision in a sentence; and that, for that reason, the entire sentence is void, and Nottingham is entitled to be discharged from custody. This contention is without merit. The county court has power to sentence to imprisonment at hard labor. C. L., secs. 7138, 7139, 7140, 5784, 5791.

Section 7138, C. L., provides: "Whenever any person shall be lawfully sentenced for crime by the judge of any district court in this state, to imprisonment in the state prison, or to any county jail, it shall be competent for the court awarding such sentence to incorporate therein a provision that the person so sentenced shall be kept at hard labor during the term of such imprisonment, or for any specified portion thereof, as may be adjudged by the said court."

Section 5784, C. L., is as follows: "All proceedings upon information in the county courts, after the same are filed, shall be the same as though such proceedings had been commenced in the district court. In general, all laws in reference to proceedings and practice in original cases now in force in the district courts, shall also be in force in county courts, under the same circumstances."

The other sections reinforce the two just quoted.

But if the county court had no such power, the provision for hard labor would not invalidate the entire sentence; and even if it did so, Nottingham could, and should, have sought a correction of the sentence by writ of error, instead of seeking, by habeas corpus, a release from custody. Nottingham made no objection to the sentence, saved no exception thereto, and sued out no writ of error. In *Martin v. District Court,* 37 Colo. 110, 115, we said: "Our later decisions, following that of the supreme court of the United States, are that even where a judgment is wholly void, a defendant will not, except in rare and extraordinary cases, be released from imprisonment thereunder if appropriate relief can be granted by writ of error or appeal."

We note that in the present proceedings Nottingham does not allege, nor does it appear anywhere in the record, that the part of the sentence providing for hard labor is being enforced.

The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.