[Civ. No. 22339.   Second Dist., Div. Two.   Aug. 1, 1957.]

MICHAEL ELIAS FAYAD, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Harrison W. Hertzberg for Petitioner.

William B. McKesson, District Attorney, Jere J. Sullivan, Lewis Watnick and Robert Lederman, Deputy District Attorneys, for Respondent.

RICHARDS, J. pro tem.*—This is a petition for a writ of mandate to require the respondent court to release the petitioner from probation.

The petitioner was charged in the superior court with nine counts of grand theft and thereafter pleaded guilty to seven counts of petty theft. On January 31, 1950, he was sentenced to the county jail for six months on each of the seven counts and the sentences were directed to run consecu-

---

*Assigned by Chairman of Judicial Council.

tively. Execution was suspended and the petitioner was placed on probation for five years on condition that he make restitution as directed by the probation officer. On January 14, 1955, the petitioner moved for an order to be released from probation and on January 25, 1955, the court denied his motion. Over his objection the court modified the terms of probation by extending it for an additional five years. More than two years thereafter the petitioner filed this proceeding.

■ Revocation of probation or modification of an order suspending execution of sentence must be exercised within the term of probation (Pen. Code, § 1203.3; *People* v. *Williams,* 24 Cal.2d 848, 852 [151 P.2d 244]; *People* v. *McClean,* 130 Cal.App.2d 439, 444 [279 P.2d 87]); hence, if the original suspension of execution of sentence was for a longer period than allowed by law, the court had no jurisdiction after the expiration of the maximum permissible term of suspension of execution to extend such suspension for any additional period.

Thus the question presented by this proceeding is: what is the maximum period of probation in case of the suspension of the execution of multiple misdemeanor sentences where the court directs the terms of imprisonment to run consecutively. Petitioner contends that under the provisions of Penal Code, section 1203a, the maximum term for which sentence of imprisonment could be pronounced in this case, and in fact was pronounced, was six months on each of the seven counts consecutively or a total of three and one-half years, and, therefore, the maximum period during which the respondent court could suspend the execution of the sentences and maintain petitioner on probation was three and one-half years. Respondent, on the other hand, maintains that consecutive sentences must be treated as completely separate for the purpose of the probation law and that there is nothing in the probation law which prohibits the trial court from suspending the execution of sentence and placing the defendant on the maximum period of probation on each sentence consecutively. Therefore, respondent contends that in this case the original five-year period of probation and the added five-year period are within the maximum period inasmuch as the court could have suspended the execution of sentence and have placed the petitioner on probation for three years on each sentence consecutively for a total of 21 years.

■ The authority of the court to suspend the imposition or the execution of sentence in a criminal case and to place the defendant on probation is wholly statutory, and the statute furnishes and limits the measure of authority which the court may thus exercise. (*Oster* v. *Municipal Court*, 45 Cal.2d 134, 139 [287 P.2d 755]; *People* v. *Brown*, 111 Cal.App.2d 406, 408 [244 P.2d 702]; *People* v. *O'Donnell*, 37 Cal.App. 192, 197 [174 P. 102].)

Section 1203a of the Penal Code governing probation in misdemeanor cases provides: "In all counties . . . the courts therein, having jurisdiction to impose punishment in misdemeanor cases . . . shall have power to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed three years; provided, that when the maximum sentence provided by law exceeds three years imprisonment, the period during which sentence may be suspended and terms of probation enforced may be for a longer period than three years, but in such instance, not to exceed the maximum time for which sentence of imprisonment might be pronounced."

■ The question presented appears to be a matter of first impression. Inasmuch as there is no express provision in the probation laws dealing with their application to consecutive sentences, the question must be answered by interpretation of section 1203a. The concluding clause of that section provides that when the maximum sentence provided by law exceeds three years imprisonment, the period during which "sentence may be suspended and terms of probation enforced may be for a longer period than three years, but in such instance, not to exceed the maximum time for which sentence of imprisonment might be pronounced." The "maximum time for which sentence of imprisonment might be pronounced" on seven sentences for petty theft is three and one-half years. Therefore, the period during which the sentence could be suspended and terms of probation enforced could "be for a longer period than three years" but "not to exceed the maximum time for which sentence of imprisonment might be pronounced," which in this instance was three and one-half years. Unless the proviso referred to can be said to deal with consecutive misdemeanor sentences, the phrase, "when the maximum sentence provided by law exceeds three years imprisonment," becomes meaningless as there can be no imprisonment for a single misdemeanor for an excess of three years. The respondent contends that the proviso clause is

directed at a single count of misdemeanor, such as resisting an officer, where the sentence may be up to five years in the county jail (Pen. Code, § 148). However, under section 19a of the Penal Code, a defendant may not be sentenced to confinement in the county jail on one misdemeanor sentence for more than one year, whereas there can be imprisonment in excess of three years in case of multiple misdemeanors in which the sentences are directed to run consecutively. (*People* v. *Carr,* 6 Cal.2d 227 [57 P.2d 489] ; *People* v. *De Casaus,* 150 Cal.App.2d 274, 280 [309 P.2d 835].) We conclude that a reasonable interpretation of section 1203a limits the suspension of the execution of sentence to the maximum period for which the accused could be imprisoned, which in this instance was three and one-half years.

■ The proper interpretation to be given to Penal Code, section 1203a, in cases of multiple misdemeanor sentences directed to run consecutively also depends upon the answer to the question: Are misdemeanor sentences, ordered in one judgment to run consecutively, to be regarded for purposes of suspending execution of sentence and placement on probation as a single "sentence of imprisonment" or is each sentence to be regarded as a several, separate and successive "sentence of imprisonment" thereby permitting the suspension of execution of each separate sentence and the placement of the defendant on probation for the maximum period of three years on each sentence consecutively?

For purposes of appeal it is held in *People* v. *Ryan,* 74 Cal. App. 125, at 132 [239 P. 419], that separate sentences directed to run consecutively on several counts constitute a single judgment. For purposes of computing prison credits and redetermination of time of imprisonment, it is held in *In re Cowen,* 27 Cal.2d 637, at 643 [166 P.2d 279], that "a prisoner confined under consecutive sentences must be regarded as undergoing a single, continuous term of confinement rather than a series of distinct, independent terms." In the same case the purpose of Penal Code, section 669 authorizing consecutive "terms of imprisonment" is, as said at page 648, "to declare the power of the court to direct, or the rules to govern, the serving of multiple sentences only insofar as concerns whether such sentences should operate concurrently or cumulatively, not to require that for all purposes, when consecutive sentences are directed, the defendant shall be regarded as imprisoned on only one charge at a time." Penal Code, section 1203.3, authorizes the court to revoke, modify

or change its order of suspension of imposition or execution of sentence at any time "during the term of probation" and at any time to terminate "the period of probation." We conclude that, notwithstanding the provisions of Penal Code, section 669, authorizing consecutive "terms of imprisonment," multiple sentences directed to run consecutively are to be regarded as a single "sentence of imprisonment" for the purpose of applying the provisions of Penal Code, section 1203a, and the court is without authority to impose a series of separate and consecutive periods of probation.

Another reason which leads us to the foregoing conclusion is that there appears to be a consistent legislative pattern as to maximum probation in felony and misdemeanor cases in which consecutive sentences have been imposed. Under Penal Code, section 1203.1, the maximum term of probation in felony cases, whether under a single sentence or consecutive sentences, is "the maximum possible term of such sentence" but when the maximum sentence is three years or less, probation is limited to three years. It is our opinion that section 1203a, dealing with probation for misdemeanors, can and should be construed consistently with the provisions of section 1203.1 and that the maximum term of probation under consecutive misdemeanor sentences is the maximum possible term of sentence but if that maximum is three years or less, probation is limited to three years.

Let a peremptory writ of mandate issue directing the respondent court to enter its order discharging the petitioner from probation.

Moore P. J., and Ashburn, J., concurred.