Susie BARNHILL, Howard Pinder, Sr., Howard Pinder, Jr., and Fredi Clarke, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18183.

United States Court of Appeals
Fifth Circuit.

June 8, 1960.

J. Edward Worton, Miami, Fla., for appellants.

Lloyd G. Bates, Jr., Asst. U. S. Atty., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, JONES, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge:

This singular appeal is a product of the legal paradox of imposing federal excise taxes on business activities regarded as criminal in most states.

Four professional gamblers pleaded guilty to evading federal gambling taxes.[1] The district judge offered the defendants the choice between a jail sentence and probation carrying a condition that they give up gambling.[2] They chose probation. Now, however, they are unhappy with what to them in retrospect seems to have been Hobson's choice. They appeal, attacking as an abuse of judicial discretion the probationary condition forbidding gambling. In other words, they cling to probation while seeking to welch on its price.

In a colloquy with one of the defendants the district judge stated that as he viewed it, "the government does not want you to get out of the business [of gambling]." Nevertheless, the defendants say, the court proceeded to put them out of business. Moreover, the argument runs, gambling as such does not violate any *federal* statute and the gambler's occupational tax statute is a measure for the collection of revenues; it is not a police measure. And it is not an instrument for moral reform.

One must say that the appellants, as gamblers apparently still anxious to pursue their chosen profession, are in a predicament. But they got in it of their own doing, elected to stay in it of their own free will, and the misgivings they now have should have occurred to them before they agreed to probation on the trial judge's terms. They complain of the court's doing exactly what they agreed that the court should do as an alternative to their going to jail.

 It is a reasonable alternative. A broad latitude is given to a district court in prescribing conditions of probation in order to help probationers make the necessary adjustment with society.[3] There is nothing unusual in conditioning probation on the defendant's obeying the

---

1. 26 U.S.C.A. §§ 4401, 4411, 4412, 4421, 4901(a), 7203.

2. In addition to imposing standing conditions of probation, the judgment imposed the following special conditions:

"3. That he shall refrain from engaging, either directly or indirectly, in any game of chance, including lottery, or in any other method of gambling, professional or otherwise.

"4. That he shall not associate with any persons who are engaged· in or involved with games of chance or gambling."

3. The Federal Probation Act, 18 U.S.C. § 3651, in part, states:

" * * * any court having jurisdiction to try offenses against the United States, * * * when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

law, state law and federal law. Florida statutes make it a violation for a person to have gambling paraphernalia in his possession. Professional gambling got these defendants into trouble. It seems a fair exercise of judicial discretion therefore for the district court to proscribe gambling. In Stone v. United States, 9 Cir., 1946, 153 F.2d 331, 333, dining car employees were convicted of unlawfully taking money from dining cars on trains moving in interstate commerce. The district judge placed the defendants on probation subject to the condition that they not return to employment as stewards on any railroad engaged in interstate commerce. The Circuit Court approved the order although the effect of the order was to deprive the probationers of their usual employment.

We find no abuse of discretion in the district court's special conditions of probation. On the contrary, the district court tempered justice with a large measure of mercy to defendants admittedly guilty and subject to imprisonment for five years.

The appeal is dismissed.