No. 25352

John Roland Coffey v. County Court of the County of Jefferson, State of Colorado, Honorable E. A. Howard Baker, District Court Judge

(492 P.2d 839)

Decided January 17, 1972.

82

John P. Keisheimer, Jay L. Gueck, for petitioner.

Leonard R. Liss, County Attorney, Jefferson County, A. L. Hermann, Jr., District Attorney for the First Judicial District, Thomas Elliott, Deputy, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding by which petitioner seeks a writ prohibiting the Jefferson County Court from executing a judgment sentencing the petitioner to five days in the county jail until the court has received and considered an application for probation.

Petitioner was convicted by a jury of careless driving. Upon being sentenced and fined $206, including costs, petitioner appealed to the district court which affirmed the conviction. Thereafter, petitioner applied to this court for writ of certiorari, which was denied. Before commencing serving the sentence a formal application for probation was submitted to

the county court, but the court ruled that it had no jurisdiction to consider an application for probation at that time because the judgment was "final."

■ The question involved is whether the county court was correct in ruling it had no jurisdiction to consider an application for probation after sentence had been pronounced and appellate procedures had been exhausted.

C.R.S. 1963, 39-16-6(1) reads in part:

"When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served ·thereby, *the court shall have the power to suspend the* imposition or *execution of sentence* for such period and upon such terms and conditions in conformity with this article as it may deem best. (Emphasis added.).

County courts as well as district courts may exercise this power. 1965 Perm. Supp., C.R.S. 1963, 39-16-11. Under section 39-16-6(1), it is clear that a trial court has jurisdiction to grant probation either by suspending imposition of sentence or suspending execution of the sentence. In this instance the petitioner was not to commence serving his sentence until two days after the application was made. The court, therefore, had jurisdiction.

We are cognizant of the rule that "[t]he order of a trial court granting or denying probation is no part of the judgment to which [appeal] may be directed." *Meier v. People,* 133 Colo. 338, 296 P.2d 232 (1956). We note, however, that in the instant case we are concerned only with a trial court's refusal to consider the matter.

■ Respondent, county court, argues that the probation statute has no application in the instant case since it applies only to felony and misdemeanor convictions, and not to convictions for *petty offenses.* In support of his contention, respondent refers us to *Austin v. Denver,* 170 Colo. 448, 462 P.2d 600 (1970). In *Austin, supra,* a local ordinance violation was involved. The offense herein is specifically designated as a misdemeanor under sections 13-5-2 and 13-5-130, and although for some purposes might be characterized as a petty

84

offense, it comes plainly within the law permitting application for probation.

The rule is made absolute.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON not participating.