## No. 25698

**The People of the State of Colorado v.
Guy Evan Lichtenwalter**

(520 P.2d 583)

Decided March 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Ware, Schiffer & Garfield, Stephen A. Ware, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

On February 22, 1972, defendant Lichtenwalter pleaded guilty to the charge of possession of marijuana, C.R.S. 1963, 48-5-2. Defendant sought probation and a pre-sentence hearing was held. The trial judge denied the application for probation and sentenced Lichtenwalter to a term of not less than two nor more than five years at hard labor in the Colorado State Penitentiary. Pursuant to Crim. P. 35(a), defendant filed a motion for reduction of sentence. The court denied the motion and defendant appeals.

Defendant alleges that the trial court erred (1) by imposing a cruel and unusual punishment in violation of the federal and Colorado constitutions, (2) by considering a 1968 deferred prosecution as an aggravating circumstance in sentencing him, (3) by not allowing defendant an opportunity to refute the disputed information contained in the pre-sentence report, and (4) by sentencing defendant for distributing narcotics when he only pleaded guilty to possession. We find no merit in defendant's contentions and, therefore, affirm.

I.

Defendant contends that his sentence is cruel and unusual for two reasons. Firstly, defendant argues that the imposition of hard labor is *per se* unconstitutional under the principles announced in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 345. In *Normand v. People,* 165 Colo. 509, 440 P.2d 282, we held that the possession statute does not, *per se,* provide a cruel and unusual punishment by authorizing a prison term of not less than two or more than fifteen years. Defendant's argument that onus of hard labor distinguishes this case is without merit. As we noted in *People ex rel. Dunbar v. District Court,* 179 Colo. 304, 500 P.2d 358, the opinions of the five concurring justices in *Furman v. Georgia, supra,* are impossible to reconcile and certainly do not provide a principle of law which can be applied to penalties less severe than death. Moreover, a statute is presumed to be constitutional and one who assails its constitutionality bears the burden of showing that it is unconstitutional. *People v. Summit,* 183 Colo. 421, 517 P.2d

850. Although, by statute, a trial court can impose hard labor, the jail keeper determines the mode of labor. C.R.S. 1963, 39-10-11 to 14. The only requirement the statute makes with respect to the sentence of hard labor is that the prisoner shall be constantly employed during every day except Sunday. Such a requirement certainly does not shock our conscience. We find nothing cruel and unusual about it. *Normand v. People, supra.*

■ Secondly, defendant argues that the sentence is too severe for a first-time offender pleading guilty to the crime of mere possession. The defendant misapprehends the gravity of his conduct. He purchased some 12 or 13 kilos of marijuana in Denver for the purpose of selling it to his friends at his cost. Six and one-half kilos of the marijuana were seized in his Gunnison residence. Furthermore, this was not the first time defendant had been in the criminal justice system on account of marijuana. In 1968, defendant served a one year probationary period as a result of a deferred prosecution on a marijuana related charge. Here the prosecution officer recommended a prison sentence because of the seriousness of the present offense and defendant's unwillingness to learn anything from his past mistake. Under these circumstances, defendant's sentence does not shock the conscience of the court and is, therefore, not cruel and unusual punishment as proscribed by the United States and Colorado constitutions. *Normand v. People, supra.*

## II.

Defendant contends that the sentencing court should not have considered the circumstances surrounding a 1968 deferred prosecution in Arapahoe County. At the sentencing hearing in the present case, the probation officer submitted his report and recommendation. Attached were copies of reports leading up to the deferred prosecution and a court order terminating defendant's probation. Defendant objected to the admission of these reports on the ground that there was no conviction in that case. In mitigation, defendant testified that he entered a guilty plea before the Arapahoe District Court and the court put him on probation for one

year without sentence. Furthermore, he testified that the court told him that the charge would be dismissed so it would not be on his record if he completed the probation satisfactorily. Defendant now argues that since he satisfactorily completed the probation, his record should have been wiped clean and the Arapahoe County reports should not have been used against him.

Defendant cites *Davidson v. Dill,* 180 Colo. 123, 503 P.2d 157 in support of his proposition. *Davidson* holds that in a proper factual case, a person who has been acquitted of criminal charges has a constitutional right to compel the police to return or expunge arrest data. This court recognized that the mere record of an arrest works to the detriment of the accused in his future relation with friends, employers, the police and courts. Therefore, unless there was a public interest in retaining the records, they should be returned or expunged. We held that Davidson might have a cause of action because she was acquitted thereby undermining the rationale that a *guilty person's* record is of further use in the criminal justice system since he is more likely to commit other crimes. Here, defendant does not dispute the underlying facts contained in the Arapahoe County reports. Hence, his reliance on *Davidson* is misplaced.

In fact, a sentencing court should attempt to tailor the sentence to the defendant. To achieve this goal, the court should be aware of defendant's entire record including his past encounters with the criminal justice system. Crim. P. 32. *Von Pickrell v. People,* 163 Colo. 591, 431 P.2d 1003. The only limitation is that the sentence cannot be based upon "misinformation of constitutional magnitude." *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592, 596; *see* Note, *Appellate Review of Sentencing: A New Dialogue,* 45 *U. Colo. L. Rev.* 209, 214 (1973). A deferred prosecution is certainly a relevant consideration in determining sentence. Here the sentencing court was fully appraised of the facts and circumstances surrounding defendant's deferred prosecution. Defendant's testimony only indicates that the charge would be dismissed, not that the

Arapahoe Court would expunge all record of it and prohibit its use in another judicial proceeding. We will not presume that the relevant Arapahoe County reports should not have been before the sentencing court.

### III.

Defendant's third contention alleges that the trial court in effect stated that the 1968 proceeding would not be considered in sentencing. Defendant states that he relied on the court's statement and did not present evidence on the 1968 incident. Thus, he charges that when the trial court made reference to the earlier charge as an aggravating circumstance, it effectively denied defendant his due process right to refute information relied on in sentencing.

The short answer to defendant's allegation is that at no time has defendant testified that the Arapahoe County reports misstated the underlying facts leading up to his deferred prosecution. He seems to be basing his argument on the sentencing court's lack of concern over whether or not there was a *conviction* on his record. The defendant testified that he satisfactorily completed his probation period and that there was no conviction on his record. We find no reason to believe that the sentencing court was under any misapprehension on this score. Defendant has had ample opportunity to contest the accuracy of the Arapahoe County reports. *Wolford v. People,* 178 Colo. 203, 496 P.2d 1011. His contention is without merit.

### IV.

Relying on *Noland v. People,* 175 Colo. 6, 485 P.2d 112, defendant argues that the sentencing court improperly considered evidence tending to substantiate commission of the offense of dispensing narcotic drugs when it should have only considered elements of possession, the crime to which he pleaded guilty. In *Noland* the sentencing court erred in considering an aggravating circumstance which was without support in the record. Here defendant admitted in his application for probation that he purchased the marijuana to distribute to his friends at cost. Neither at the pre-sentence hearing or on appeal does he dispute his own admission. The

sentencing court was entitled, if not required, to consider such an aggravating circumstance. Crim. P. 32; C.R.S. 1963, 39-16-2; *Wolford v. People, supra; Williams v. Oklahoma,* 358 U.S. 576, 585, 79 S.Ct. 421, 426, 3 L.Ed.2d 516, 523. Defendant was sentenced within the limitation of the statute, and we find no abuse of discretion.

Accordingly, the judgment is affirmed.

MR. JUSTICE LEE does not participate.