555 P.2d 182 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Theodore PATRICK, Jr., Defendant-Appellant.
No. 75-610.
Colorado Court of Appeals, Div. III.
July 8, 1976.
Rehearing Denied August 5, 1976.
Certiorari Denied October 18, 1976.
*183 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John R. Rodman, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Tallmadge, Tallmadge, Wallace & Hahn, David J. Hahn, Harvey P. Wallace, John W. Smith, Denver, for defendant-appellant.
Selected for Official Publication.
KELLY, Judge.
The defendant, Theodore Patrick, Jr., appeals from a judgment and sentence entered on June 26, 1975, revoking a prior sentence entered on June 27, 1974, the execution of which had been suspended on certain conditions. Although we conclude that the trial court's attempt to suspend execution of the 1974 judgment and sentence was invalid, we affirm the judgment and sentencing portions thereof, and vacate the 1975 judgment.
Patrick was convicted by a jury of false imprisonment. On June 27, 1974, the trial court entered "Judgment of Conviction Sentence and Mittimus" in which probation was explicitly denied, and Patrick was:
"sentenced to serve 1 years (sic)
AND FINED $1,000.00
ORDER THAT $1,000.00 FINE IS HEREBY SUSPENDED ON TERMS AND CONDITIONS AND UNDER SUPERVISION OF PROBATION DEPARTMENT.
FURTHER ORDER: DEFENDANT IS TO SERVE ONLY 7 DAYS OF DENVER COUNTY JAIL SENTENCE AND REMAINDER OF ONE YEAR SENTENCE IS HEREBY SUSPENDED ON TERMS AND CONDITIONS AND UNDER SUPERVISION OF PROBATION DEPT. ORDER DEFENDANT GRANTED 30 DAYS STAY OF EXECUTION ON 7 DAY JAIL SENTENCE UNTIL 7/29/74 at 8:30 A.M."
The stay of execution of the "7 day jail sentence" was continued pending Patrick's appeal of his conviction to this court.
On June 26, 1975, prior to our affirmance of Patrick's appeal on the merits of his conviction, the trial court held a hearing pursuant to a petition filed by a probation officer for "Revocation of Suspended Execution of Sentence," in which it was alleged that Patrick had been convicted of false imprisonment in California. Patrick was present at this hearing, and was represented by counsel. As a result of this hearing, the trial court entered a second "Judgment of Conviction Sentence and Mittimus," again explicitly denying probation, and further stating:
"ORDER SUSPENDED SENTENCE OF JUNE 27, 1974 be REVOKED ORDER EXECUTION OF SENTENCE."
Patrick was also "sentenced to serve 1 year, Said Defendant to be Imprisoned at the DENVER COUNTY JAIL."
*184 In this appeal from the second judgment of the trial court, Patrick contends in his opening brief that he was not adequately notified of the revocation proceedings, that the People had not met their burden of proof, and that his California conviction was improperly considered by the trial court because his appeal thereof had not been concluded. Since both Patrick, in his opening brief, and the People, in the answer brief, treated the hearing in the trial court as a proceeding for revocation of probation under the provisions of § 16-11-206, C.R.S.1973, this court ordered the simultaneous filing of supplemental briefs directed to the question whether the trial court was authorized to deny probation and suspend execution of the sentence imposed and entered on June 27, 1974. In view of our conclusions on this issue, we do not reach the issues presented in the parties' original briefs.
Absent statutory authority, the attempt to suspend imposition or execution of sentence is invalid. In re Nottingham, 84 Colo. 123, 268 P. 587 (1928); Grundel v. People, 33 Colo. 191, 79 P. 1022 (1905). Prior to the enactment of the Colorado Code of Criminal Procedure in 1972, such authority was expressly set forth in C.R.S.1963, 39-16-6, in connection with the granting of probation, and the same authority has been tacitly included in § 16-11-101(1) (a) and § 16-11-201 et seq., C.R.S.1973. See, e.g., § 16-11-206(5).
However, there are no provisions in Chapter 16, Article 11, C.R.S.1973, authorizing the suspension of imposition or execution of sentence apart from a concomitant grant of probation, and a trial court may not, as here, circumvent the statutory requirements by denying probation and thereafter undertaking to suspend a sentence validly imposed. See Herrmann v. District Court, 186 Colo. 350, 527 P.2d 1168 (1974).
Although the attempt to suspend execution of the 1974 sentence, and all proceedings subsequent thereto, were void, In re Nottingham, supra; People v. Crandall, Colo.App., 544 P.2d 411 (1975), it does not follow, as Patrick argues, that that portion of the sentence sought to be suspended is invalid. The judgment of conviction and sentence of imprisonment were valid, In re Nottingham, supra, and may be enforced at any time after entry by issuance of a mittimus. See Mann v. People, 16 Colo.App. 475, 66 P. 452 (1901); People v. Crandall, supra. As in Nottingham and Crandall, the imprisonment of Patrick is by virtue of the valid sentence of June 27, 1974, not the void judgment of June 26, 1975.
Accordingly, the judgment, sentence, and mittimus of June 26, 1975, are vacated. The judgment and sentence of June 27, 1974, is affirmed, and the cause is remanded to the trial court for issuance of mittimus thereon.
BERMAN and STERNBERG, JJ., concur.