## No. 27060

## The People of the State of Colorado v. Raymond Ray

(560 P.2d 74)

Decided January 31, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal challenges the authority of the trial court to enter an order which revoked a deferred judgment and imposed a sentence to the Colorado State Reformatory. The deferred judgment and sentence were entered pursuant to stipulation as part of a plea bargain. Section 16-7-301, C.R.S. 1973.

Pursuant to the plea bargain, Raymond Ray pled guilty to second-degree burglary and conspiracy. The deferred judgment and sentence which were the product of the plea bargain provided that:

"The undersigned District Attorney and the defendant represent that upon acceptance by the Court of the defendant's plea of guilty, the ends of substantial justice will be best served if the entry of a judgment of conviction on the defendant's plea of guilty is deferred, and the imposition of sentence or other sentencing alternative is deferred, for a period of one year from the date of the entry of the plea of guilty. The District Attorney and the defendant further represent that the ends of substantial justice will be best served by permitting the defendant to remain at liberty under the supervision of the Denver District Court Probation Department during this period of time under the following conditions:

"(a) the defendant shall not commit any criminal offense against the United States of America, the State of Colorado, or any other jurisdiction;"

During the one-year period, the probation department instituted proceedings to revoke the defendant's probationary status, based on a charge of sexual assault on a minor. In the course of the hearing, the defendant, by way of offer of proof, denied the commission of sexual assault, but admitted that he had obtained and used marijuana which he located with the

assistance of the same minor. At the conclusion of the hearing, the defendant was sentenced to the Colorado State Reformatory for an indeterminate sentence which was not to exceed ten years. He now asserts that it was error for the trial court to defer imposition of sentence and that probation should not have been revoked prior to a determination of the issue of guilt or innocence on the allegations of sexual assault on a minor and possession of narcotic drugs.

The defendant contends that his sentence is void because the power to defer imposition of sentence must be authorized by the legislature and the trial court did not have statutory authority or the power to defer imposition of sentence at the time the stipulation and order were made. He argues that the legislature has now recognized the deferred sentence procedure by section 16-7-403, C.R.S. 1973 (Supp. 1976), but had not specifically authorized deferred sentences at the time the trial court granted probation and entered the deferred judgment and sentence on December 16, 1974. The attorney general contends that the procedures which resulted in the acceptance of a plea of guilty, the granting of probation, and the withdrawal of the guilty plea were authorized by existing statutes. We agree.

■ Probation is a creature of statute. *People v. Ledford*, 173 Colo. 194, 477 P.2d 374 (1970). Section 16-11-202, C.R.S. 1973 sets forth:

*"16-11-202. Probationary power of court.* When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and *upon such terms and conditions as it deems best."* (Emphasis added.)

■ We deem the broad grant of power under the statute to encompass this deferred judgment procedure.[1] The conditions imposed fell within the statutory sentencing powers of the court, and imposition of sentence after probation was revoked was proper. *Cf. State v. Wright*, 202 N.W.2d 72 (Iowa 1972) (discussing statute parallel to Colorado enactment); *see also State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971) (power to suspend sentence inherent in judicial function). *See generally*, Annot., 56 A.L.R.3d 932 (1974).

---

[1] As of the time this order was entered, it appeared that the legislature had deleted language explicitly designating the authority to "suspend the imposition or execution of sentence" and replaced it with the more general power of granting probation "upon such terms and conditions as it deems best." *Compare* C.R.S. 1963, 39-16-6(1), and *Coffey v. County Court*, 177 Colo. 81, 492 P.2d 839 (1972), *with* section 16-11-202, C.R.S. 1973. Nothing in the legislative history suggests that the legislature intended to restrict the power of the court by deletion of this surplusage. The relevant language for scrutiny of the "terms and conditions" remains the trial court's "satisfaction that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby." Moreover, the fact that the general assembly subsequently enacted specific provisions dealing with this type of procedure provides no basis for finding a lack of legislative authority by hindsight. The subsequent statute merely codifies the procedure which was implicitly permitted under the more general enactment.

Our interpretation is bolstered by the *American Bar Association Standards Relating to Probation*, which provides:

"1.1 Nature of sentence to probation.

. . . .

"(b) In this report the term 'probation' means a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions. Such a sentence should not involve or require suspension of the imposition or the execution of any other sentence."

The *American Bar Association Standards Relating to Sentencing Alternatives and Procedures* also recognize that the trial court should have the power to modify a sentence when a violation of the terms and conditions of the probation occurs. *See American Bar Association Standards Relating to Sentencing Alternatives and Procedures* § 6.4; *see also Model Penal Code* § 6.02(4).

We sanctioned a similar deferred judgment procedure in *People v. Lichtenwalter*, 184 Colo. 340, 520 P.2d 583 (1975). It cannot be said that the court simply overlooked or was not faced with the issue of the validity of the deferred judgment procedure in that case.

■ The defendant also contends that the deferred judgment is inherently unconstitutional because it "presents the defendant with the dilemma of having to forfeit either his Fifth or Sixth Amendment rights or his chance to avoid imprisonment and the stigma of a criminal conviction." The argument is defective. First, this is not the case of penalizing one right at the expense of the other. There simply is no *right* to "avoid imprisonment and the stigma of a criminal conviction." *See Barnhill v. United States*, 279 F.2d 105 (5th Cir. 1960). Secondly, the "dilemma" in this case is not of constitutional dimensions. As we said in *People v. Riley*, 187 Colo. 262, 529 P.2d 1312 (1975), "the defendant knew the risks of trial, surveyed the evidence, and made a free and voluntary choice." The defendant was free to go to trial and enjoy the full panoply of constitutional protections in the determination of his guilt or innocence.

■ As an additional attack on the procedures followed by the court, the defendant seeks to have us construe *People v. Carr*, 185 Colo. 293, 524 P.2d 301 (1974), as authority for *prohibiting* the revocation hearing until the charges were resolved on the sexual assault on a minor or the narcotics charges. *People v. Carr, supra*, sets forth that it is the better practice to continue the probation revocation hearing until after the trial on the new charges, but it lies within the *discretion* of the trial court. Section 16-11-206(3), C.R.S. 1973.

The defendant's claim that he would be unable to testify at an early revocation hearing was accompanied by an offer of proof which expressly admitted acts which were in violation of his probation conditions. He had already pleaded guilty to two crimes, was charged with another, and conceded commission of a fourth. A continuance would have meant a minimum of a five-month delay in consideration of his probation status. Under the circumstances of this case, we see no basis for finding an abuse of discretion by the sentencing court in conducting an early revocation hearing.

■ The defendant's contention regarding the trial court's refusal to admit certain impeachment evidence against his accuser in the revocation hearing has been rendered moot by his subsequent plea of guilty to the charge of possession of narcotics. This clearly constitutes a breach of conditions under the terms of the deferred judgment and a determination of this issue would serve no valid purpose.

Accordingly, we affirm the court below.

MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE CARRIGAN concur.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY dissent.

MR. JUSTICE GROVES does not participate.

MR. CHIEF JUSTICE PRINGLE dissenting:

I most respectfully dissent. As the majority points out, probation is a creature of statute. *People v. Ledford*, 173 Colo. 194, 477 P.2d 374 (1970). Without an authorizing statute, the overwhelming majority view is that the courts have no power to grant probation at all, nor to suspend the imposition or execution of a sentence. *See, e.g., Grundel v. People*, 33 Colo. 191, 79 P. 1022 (1905); *In Re Nottingham*, 84 Colo. 123, 268 P. 587 (1928); *State v. Wright*, 202 N.W.2d 72 (Iowa 1972); *State v. Eighth Jud. Dist. Ct.*, 85 Nev. 485, 457 P.2d 217 (1969); *State v. Dore*, 69 Wash.2d 64, 416 P.2d 670 (1966); *Varela v. Merrill*, 51 Ariz. 64, 74 P.2d 569 (1937); *Fayad v. Superior Court*, 153 Cal. App. 2d 79, 313 P.2d 669 (1957).

I can find in my reading of the probation statute under consideration here no power to suspend the imposition or execution of a sentence. As a matter of fact, in an earlier probation statute that power *was* specifically given. It was taken out of the statute when the statute which was effective on the critical dates here was enacted. See the cogent analysis on this point by Judge Kelly in *People v. Patrick*, 38 Colo. App. 103, 555 P.2d 182 (1976).

I think the majority today approves a procedure whereby a district judge without express authority from the legislature takes it upon himself

to defer sentencing after receiving a plea of guilty and then, upon the completion of a period of good behavior, wipes out the conviction itself. I think the majority has written into the statute words that are not there. To support this contention, I point out that after the dates in question here, the legislature itself passed a statute specifically authorizing the deferred sentencing procedure. I think this court should pay attention to the legislature's own interpretation of its statutes.

MR. JUSTICE KELLEY authorizes me to state that he joins in this dissent.