BASKIN, Judge.
In this appeal from a trial court order revoking his probation, defendant Sweeting contends that the order placing him on probation was void because it was entered by the trial court after the court had vacated a sentence of imprisonment. He contends the trial court lacked jurisdiction to mitigate his prison sentence to probation and that his subsequent violation of that probation is without effect. We reluctantly agree. Existing law requires that we accept his position as correct; we reverse the trial court.
Defendant Sweeting first pled guilty to burglary of a structure. Adjudication was withheld, and he was placed on probation for two years with a condition that he serve thirty weekends in the Dade County Stockade. Two months later, he was charged with violating his probation and, after a hearing, convicted. His probation was revoked, and he was sentenced on June 28, 1977 to serve three years in the state penitentiary. On July 21, 1977, the trial court vacated the adjudication and sentence of imprisonment and again withheld adjudication, placing defendant Sweeting on probation, this time for a period of three years with a special condition that he serve one year in the Dade County Jail. Subsequently, on June 1,1978, defendant was convicted of another violation of his probation, adjudicated guilty of the original burglary of a structure, and this time sentenced to five years imprisonment. It is this revocation which defendant now appeals, claiming that since the court lacked jurisdiction to vacate his first sentence of imprisonment (three years), the court’s subsequent actions, including the second revocation of probation, were void, and the original three year sentence of imprisonment can be his only sentence.
A trial court has no jurisdiction to mitigate a sentence of imprisonment to probation. Cuneo v. State, 335 So.2d 278 (Fla.1976); Stoddard v. State, 388 So.2d 11 (Fla. 2d DCA 1980); DeLaPaz v. State, 358 So.2d 1093 (Fla. 3d DCA 1978); State v. Mancil, 354 So.2d 1258 (Fla. 2d DCA 1978); State v. Sotto, 348 So.2d 1222 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1219 (Fla.1978); State v. Evans, 225 So.2d 548 (Fla. 3d DCA), cert. denied, 229 So.2d 261 (Fla.1969), cert. denied, 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970).
The reason is two-fold. First, the court loses jurisdiction to mitigate after sixty days. Fla.R.Crim.P. 3.800(b).[1] Second, a trial court may reduce a sentence but may not vacate a sentence for the purpose of mitigation. State v. Evans, supra ; following Cuneo v. State, supra. The proposition that the granting of probation does not constitute the correction or reduction of *775 a sentence is rooted in long-standing federal law. Whitfield v. United States, 401 F.2d 480, 482 (9th Cir. 1968); Phillips v. United States, 212 F.2d 327 (8th Cir. 1954); 24 C.J.S. Criminal Law § 1618(3) (1961). In Phillips v. United States, supra, the court discussed the effect of the comprehensive revision of Title 18 of the United States Code [2] and indicated the importance of separating judicial functions relating to probation from executive functions pertaining to parole.
.. . The judicial power and the executive power over sentences are readily distinguishable. To render judgment is a judicial function. To carry the judgment into effect is an executive function. To cut short a sentence by an act of clemency is an exercise of executive power which abridges the enforcement of the judgment, but does not alter it qua judgment. To reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first instance.
Phillips v. United States, supra at 331 n. 5, quoting United States v. Benz, 282 U.S. 304, 311, 51 S.Ct. 113, 115, 75 L.Ed. 354 (1931). The court in Phillips concluded that Congress did not intend to empower a district court to suspend the execution of any part of a sentence of imprisonment imposed by a final judgment after the defendant had entered upon the execution of the sentence. Phillips v. United States, supra at 331. The court reasoned that parole authorities are in a better position to decide whether a federal prisoner has observed the rules of the institution in which he has been confined. The emphasis was directed to the actual commencement of sentence by the defendant.
A number of jurisdictions follow this rationale. They permit suspension of execution of sentence or probation after imposition of sentence, but only before execution of sentence has commenced. United States v. Teresi, 484 F.2d 894 (7th Cir. 1973); United States v. Zinkovich, 437 F.2d 760 (10th Cir. 1971); United States v. Ellenbogen, 390 F.2d 537 (2d Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968); Glouser v. United States, 340 F.2d 436 (8th Cir.), cert. denied, 381 U.S. 940, 85 S.Ct. 1776, 14 L.Ed.2d 704 (1965); Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875 (1960); In re Black, 66 Cal.2d 881, 428 P.2d 293, 59 Cal. Rptr. 429 (1967); People v. Helton, 91 Cal.App.3d 987, 154 Cal.Rptr. 482 (1979); Coffey v. County Court of County of Jefferson, 177 Colo. 81, 492 P.2d 839 (1972). The Supreme Court has defined commencement of execution of a sentence as “. . . immediately after imprisonment began”. United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928).
In the case at bar, defendant Sweeting had not begun to serve his sentence since he had not yet been delivered to the custody of the state prison. In the federal courts and in a number of other jurisdictions, the trial court would therefore still have retained jurisdiction to vacate or suspend the imposed sentence and to place the defendant on probation.
Florida courts, however, construing Rule 3.800, Florida Rules of Criminal Procedure, have consistently held that the trial court loses jurisdiction to reduce a sentence to probation once sentence has been imposed. Cuneo v. State, supra; Stoddard v. State, supra. Under that construction, the trial court lacked jurisdiction to enter the July 21, 1977 order vacating the three year sentence and placing defendant on probation.
The state argues that defendant is estopped from challenging the July 21,1977 order since he accepted the benefit of being placed on probation, raising his present claim only after losing that benefit. Appel-lee relies on King v. State, 373 So.2d 78 (Fla. 3d DCA 1979). In King, the defendant was incorrectly sentenced to a three year period of imprisonment with the last two years suspended for a period of probation for an offense requiring a mandatory three year sentence of imprisonment. After violating his probation, King was sen *776 tenced to thirty years in prison. He then challenged the legality of his first sentence. This court held that he was estopped to contest the original sentence.
King is distinguishable. The trial court in King acted within its jurisdiction when it sentenced the defendant even though the sentence was illegal. The doctrine of estop-pel cannot furnish jurisdiction where none exists. The state’s argument is without merit.
Because the trial court lacked jurisdiction to vacate the original sentence of imprisonment, defendant Sweeting’s subsequent probation violation will earn him no additional punishment. We reiterate the prevailing law: a court may not reduce a sentence of imprisonment to probation as a form of mitigation.
For these reasons, we reinstate the judgment and sentence imposed June 28, 1977. The orders of July 21,1977 and June 1, 1978 are vacated. Defendant is entitled to credit for time served after June 28, 1977.
Reversed and remanded.

. Since the trial court acted within sixty days, that provision is not at issue here.

. The pertinent sections analyzed by the court are 18 U.S.C. §§ 3651, 4082, 4161, 4202 (1948).