**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bert Joseph ZINKOVICH, Defendant-Appellant.**

**Nos. 67–70, 68–70.**

United States Court of Appeals, Tenth Circuit.

Feb. 8, 1971.

John A. Babington, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., on the brief), for plaintiff-appellee.

Stephen G. Heady, Lakewood, Colo., for defendant-appellant.

Before LEWIS, Chief Judge, BREITENSTEIN and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

On January 17, 1969, Bert Joseph Zinkovich, then age twenty, pled guilty to a charge of transporting in interstate commerce a stolen motor vehicle, namely a 1968 Pontiac, in violation of 18 U.S.C. § 2312. On February 7, 1969, Zinkovich pled guilty to a charge of transporting in interstate commerce a stolen motor vehicle, namely a 1965 Chevrolet, from Gary, Indiana, to Charlotte, North Carolina, which matter had theretofore been transferred, with the consent of Zinkovich, from North Carolina to New Mexico for the purpose of arraignment and sentencing. On February 7, 1969, in each of the aforesaid separate proceedings, Zinkovich was sentenced pursuant to 18 U.S.C. § 5010(b) to the custody of the Attorney General for treatment, supervision, and eventual discharge from custody under the general provisions of the Federal Youth Corrections Act.

Sometime in March 1969, Zinkovich was delivered to a federal correctional institution in El Reno, Oklahoma. On April 28, 1969, by order of the committing court, Zinkovich was returned for further proceedings. On May 9, 1969, the sentence theretofore imposed in each of the two proceedings was vacated and Zinkovich in each case was placed on probation for four years, one of the terms of his probation being that he return to the military. About two weeks thereafter a petition to revoke probation was filed, Zinkovich in the meantime having apparently gone AWOL from the military.

Hearing on the petition to revoke probation was held on September 2, 1969, at which time, after a full hearing, probation was revoked and Zinkovich on this occasion was sentenced to the custody of the Attorney General, not under the Federal Youth Corrections Act, but for a term of four years in a penitentiary. On September 8, 1969, the trial court, apparently on its own motion, indicated that it had come to the conclusion that its orders of May 9, 1969, and September 2, 1969, were a "nullity" and that the sentences imposed on February 7, 1969, i.e., sentences under the Federal Youth Corrections Act, should be "reinstated" and executed. However, the trial court deferred actually entering such an order on that date in order to give Zinkovich

time to file any motion he might feel the situation suggested.

A few days later Zinkovich did file a motion wherein he sought his outright release from custody, his reasoning being that not only were the trial court's orders of May 9, 1969, and September 2, 1969, invalid because of a lack of jurisdiction, but that any order along the lines indicated by the trial court at the September 8 hearing would also be invalid "because of a loss of jurisdiction over the defendant by the court."

On September 19, 1969, the trial court denied Zinkovich's motion for release and entered a formal order vacating its earlier orders of May 9 and September 2. Additionally, the trial court "reinstated with full force and effect" the sentences theretofore imposed on February 7, 1969, under the Federal Youth Corrections Act.

In this court it would appear that Zinkovich's position is *not* that he should be awarded his outright release, which he is clearly not entitled to, but that the two matters should be remanded to the trial court with direction that it impose proper sentences. Zinkovich's reasoning is that the sentence imposed on February 7, 1969, was a "general" sentence in two separate cases and for that reason was "illegal and void," and being illegal and void could not thereafter be reinstated. We regard this argument to be without merit for the reason that the premise on which it is based is not supported by the record.

As above mentioned, on February 7, 1969, the trial court entered a separate, but identical, sentence in each of the two Dyer Act proceedings. The official court records confirm this fact and the reporter's transcript of the sentencing contain these words of the trial judge: "I am * * * sentencing him under the Youth Correctional Act as to each of these offenses." This then is not a situation of the imposition of a "general" or "single" sentence intended to apply to two separate cases. Rather, a separate sentence was in fact imposed in each

Dyer Act proceeding, and therefore the instant case does not offend the requirement that a separate sentence must be imposed on each count on which a defendant is convicted. *See,* Hall v. United States, 356 F.2d 424 (5th Cir.). Having determined then that the sentences imposed on February 7, 1969, are lawful, and not "illegal and void" as is contended by counsel, there is of course no need to accede to counsel's further request that the entire matter be remanded to the trial court for the imposition of a correct and proper sentence.

It is said that Zinkovich is "bewildered" by the succession of events and uncertain as to whether the sentences, if they be separate and not general, are to be served "consecutively" or "concurrently." We think Zinkovich's fears are unfounded. The trial court in our view clearly indicated that the sentences, though imposed "in each case," represented but a "single commitment." Such is certainly the dictate of the rationale of Price v. United States, 384 F.2d 650 (10th Cir.), where it was held that "[c]umulative or consecutive sentences on each of several counts would not fit the design and purpose of the [Federal Youth Corrections] Act." We hold, as we believe the trial court did, that the sentences imposed on February 7, 1969, are not in anywise to be deemed as being "cumulative or consecutive" in their effect.

Zinkovich in this court also makes mild complaint about the fact that the trial court refused to set bond pending resolution of his case on appeal. In this regard it should be noted that this is not a direct appeal from a conviction, but the proceeding is one to correct an allegedly improper sentence and, though not designated as such, is a proceeding seeking relief afforded by 28 U.S.C. § 2255. Our attention has not been directed to any authority to the effect that one who unsuccessfully seeks to have an allegedly improper sentence corrected has the right to bail pending review of the matter.

■ All parties, as well as the trial court, are now agreed that inasmuch as Zinkovich had theretofore commenced serving his sentence under the Federal Youth Corrections Act, the trial court's orders of May 9, 1969, and September 2, 1969, were beyond its jurisdiction and were a nullity under Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L. Ed. 62, and United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309.

■ In this court, Zinkovich briefly argues that the trial court failed to comply with the requirements of Rule 11, Fed.R.Crim.P., in that no inquiry was made by the trial court to determine if there was a "factual basis" for his tendered plea of guilty. *See*, McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. This argument finds no support in the record. On the contrary, the record of the arraignment proceedings reveals that the trial court did make inquiry of Zinkovich personally for the purpose of, among other things, satisfying itself that there was a factual basis for the tendered plea. And the record as made discloses there was such a factual basis. We find full compliance with Rule 11.

Judgment affirmed.