**STATE**

v.

**Gary O'ROURKE.**

**No. 82–234–C.A.**

Supreme Court of Rhode Island.

Aug. 3, 1983.

Dennis J. Roberts II, Atty. Gen., Maureen McKenna Goldberg, Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Chief Appellate Asst. Public Defender, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from the execution of a previously imposed suspended sentence following an adjudication that the defendant violated the terms of his probation. The suspended sentence and the period of probation were allegedly imposed pursuant to a motion to reduce sentence. The defendant is before us on appeal, alleging several errors in both the decision on the motion to reduce and the subsequent violation order.

The underlying facts are not in dispute. On November 14, 1975, an indictment was filed charging defendant with robbery in violation of G.L.1956 (1981 Reenactment) § 11–39–1. After arraignment, defendant was committed without bail pending the trial. A Superior Court jury found defendant guilty as charged on March 5, 1976, and

defendant was again committed without bail pending sentencing. The trial justice, on July 6, 1976, sentenced defendant to twenty years' imprisonment and committed defendant to the Adult Correctional Institutions (ACI).

The defendant filed a timely motion to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. The trial justice who had sentenced defendant heard this motion and granted it on December 14, 1977. In his bench decision, the trial justice concluded:

"I will, therefore, grant the motion to reduce. I am going to suspend 10 years of the 20 years. I am going to cut it right in half. So, 10 years to serve and 10 years suspended."

The written judgment and docket-sheet entry stated that the motion to reduce was granted and that defendant was committed to the ACI for ten years. There is no mention of a suspended sentence or probation.

On March 14, 1980, defendant was released on parole from the ACI. On September 10, 1980, he was presented to the Superior Court as an alleged violator of a probationary term allegedly imposed on December 14, 1977, as a result of defendant's motion to reduce.

At the violation hearing,[1] the trial justice rejected defendant's contention that pronouncement of a suspension did not indicate that probation was also imposed, stating:

"Well, a suspended sentence is always accompanied by a period of probation. * * I will assume that the judge intended that the period of probation would be ten years to commence upon Mr. O'Rourke's release from prison, which would mean that at the time of this incident * * * September 7, 1980, the defendant was on

---

1. Initially, the trial justice noted that the docket sheet and the judgment of conviction merely indicated that the twenty-year sentence was reduced to ten years; there was no reference to a suspended sentence or probation. The trial justice then obtained a copy of the transcript of the hearing on the motion to reduce, which transcript disclosed the oral pronouncement of ten years to serve and ten years suspended.

a period of ten years probation with a ten-year suspended sentence." [2]

After the violation hearing, the trial justice on September 26, 1980, found defendant to be a .violator and ordered him to serve ten years at the ACI consecutively to the original ten-year term. The defendant appeals from this judgment.

On September 26, 1980, the state filed a motion to correct the judgment of conviction, and that corrected judgment was entered backdated to December 14, 1977. That judgment indicated that defendant's motion to reduce was granted and defendant

"is ordered to serve the first 10 years, the remaining 10 years are suspended, probation for 10 years, said probation to commence upon defendant's release from the A.C.I."

The docket sheet was similarly altered to reflect the new backdated judgment of conviction.

The circumstances of this case raise the threshold question of whether a trial justice, on a motion to reduce sentence pursuant to Rule 35, has the authority to suspend any part of a sentence that a defendant has begun serving. Our resolution of this question is dispositive of this case, and it is therefore unnecessary to address the other issues raised by the parties.

The state contends that Rule 35 "tempers" or provides a limited exception to G.L.1956 (1981 Reenactment) § 12–19–10 by permitting a defendant a period of 120 days after imposition of sentence in which to file a motion to reduce that sentence. The state argues that suspension and probation are methods of reducing a sentence which are .available to the trial justice regardless of whether or not a defendant has commenced serving his sentence.

The defendant asserts that he cannot be adjudged a probation violator because the trial justice on the motion to reduce did not

impose a valid probationary period. The defendant therefore contends that either the reduced sentence of ten years to serve without any suspension or probation should be affirmed or the ten-year probation reflected in the corrected judgment should be ordered to commence as of the date of filing of the correction.

The authority of the Superior Court to suspend a sentence is governed by statute. General Laws 1956 (1981 Reenactment) § 12–19–8 provides in part that

"[e]xcept where the suspension of sentence shall otherwise be prohibited by law, whenever any defendant shall appear for sentence before the superior or district court, the court may impose a sentence and suspend the execution thereof, in whole or in part, or place the defendant on probation without the imposition of a suspended sentence. The suspension shall place the defendant on probation for such time and on such terms and conditions as the court may fix."

Section 12–19–10 provides that

"[i]mprisonment pursuant to a sentence, once commenced, shall not be subject to suspension by the superior court."

■ One of the well-established rules of statutory construction in Rhode Island is that the words of the statute shall be given their plain and ordinary meaning unless a different meaning is obvious on the face of the statute. *See Roadway Express, Inc. v. Rhode Island Commission for Human Rights,* R.I., 416 A.2d 673, 674 (1980); *State v. Healy,* R.I., 410 A.2d 432, 434 & n. 6 (1980). When the language used by the Legislature is free of ambiguity and conveys a definite and sensible meaning that does not contradict an evident legislative purpose, this court shall not extend or interpret those words but shall apply them literally. *Citizens for Preservation of Waterman Lake v. Davis,* R.I., 420 A.2d 53 (1980); *Rhode Island Chamber of Commerce v. Hackett,* R.I., 411 A.2d 300 (1980).

---

**2.** The trial justice noted that any doubt regarding the length of the probationary term should be resolved by the filing of a motion by either party for correction of the judgment of conviction before the original trial justice.

■ The language of §§ 12–19–8 and 12–19–10 is clear and unambiguous, and we shall therefore apply it literally. Section 12–19–8 grants the Superior Court the authority to suspend sentence and/or place a defendant on probation at the time the defendant appears for sentencing *except* when suspension is otherwise prohibited by law. Section 12–19–10 is one restriction on this general grant of authority which, by its plain language, absolutely prohibits suspension of a sentence of imprisonment once it is commenced.

■ In view of the clear language and intent of §§ 12–19–8 and 12–19–10, we cannot agree with the state's assertion that Rule 35 "tempers" the effect of § 12–19–10. Rule 35 states in part that

"[t]he court may correct a sentence imposed in an illegal manner and it *may reduce any sentence* within one hundred twenty (120) days after the sentence is imposed * * *." (Emphasis added.)

There is no express language in Rule 35 which authorizes suspension or probation after sentence is imposed. We shall not imply such authority because to do so would contradict the purpose of § 12–19–10 and ignore the different objectives of the use of suspension and probation and the reduction of a sentence under Rule 35.

The Legislature has provided by statute several methods of mitigating a defendant's sentence: suspension, probation, good-time credits, parole, and executive clemency. Repetition and overlap of these methods should be avoided. Section 12–19–10 operates to limit a court's authority over a defendant when he begins serving his sentence, thereby allowing a body such as the parole board, which is in a better position to evaluate a defendant's progress while in prison, to decide whether to mitigate a defendant's sentence.[3]

A motion to reduce pursuant to Rule 35 allows a trial justice to evaluate whether the sentence originally imposed is unduly severe under the circumstances and to consider any new information or circumstances that may arise within the 120-day period. The reduction contemplated by Rule 35 is a shortening of the period of imprisonment, not a conditional postponement. Suspension and probation were intended as methods of avoiding the detrimental effects of the prison environment and the stigma attached to the service of a term of imprisonment for an individual who the sentencing justice determines would be better rehabilitated by remaining in the outside world. *United States v. Murray,* 275 U.S. 347, 357–58, 48 S.Ct. 146, 149, 72 L.Ed. 309, 313 (1928). Therefore, in order to achieve the desired objective, suspension and probation must be employed prior to commencement of the term of imprisonment, that is, at the time of sentencing. *See id.* at 358, 48 S.Ct. at 149, 72 L.Ed. at 313.

Our Rule 35 is essentially the same as its federal counterpart, and therefore the pronouncements of federal courts on the issue of whether suspension and probation may be considered as options on a Rule 35 motion to reduce are helpful, though not binding. A majority of federal courts have stated that suspension and probation are not methods of reducing a sentence under Rule 35 and that Rule 35 has no effect whatsoever on the power to suspend a sentence or impose probation. *See, e.g., Whitfield v. United States,* 401 F.2d 480 (9th Cir.1968); *United States v. Ellenbogen,* 390 F.2d 537 (2d Cir.1968); *Phillips v. United States,* 212 F.2d 327 (8th Cir.1954); *United States v. Robinson,* 344 F.Supp. 956 (D.Del. 1972); *contra, United States v. Golphin,* 362 F.Supp. 698 (W.D.Pa.1973).

In light of the foregoing discussion, our conclusion is that Rule 35 has no effect upon the meaning or application of § 12–19–10.

---

**3.** General Laws 1956 (1981 Reenactment) § 13–8–8 provides:

"Whenever a person convicted of any offense shall be sentenced to be imprisoned in the adult correctional institutions for a period of more than six (6) months, his such sentence shall be subject to the control of the parole board as hereinafter provided."

■ In the instant case, defendant had commenced serving his sentence of imprisonment at the time the trial justice heard his motion to reduce. The trial justice in his oral pronouncement on the motion stated that defendant was to serve ten years and that the remaining ten years would be suspended. The docket entry and the written judgment of conviction merely stated that the sentence was reduced and defendant was to serve ten years. Generally, when a discrepancy exists between an unambiguous oral pronouncement and a written judgment, the oral pronouncement will control. *See United States v. Marquez,* 506 F.2d 620 (2d Cir.1974); *United States v. Munoz-Dela Rosa,* 495 F.2d 253 (9th Cir. 1974). Only if the pronouncement from the bench is ambiguous may the written judgment be relied on to clarify the ambiguity. *See United States v. Munoz-Dela Rosa,* 495 F.2d at 255.

In the case before us, the trial justice's bench decision was clear and unambiguous. The attempt to reduce sentence by suspending one-half of it, however, is invalid because, pursuant to § 12–19–10, the trial justice lacked the authority to suspend any part of defendant's sentence once he began serving the period of imprisonment. Because defendant had commenced serving his sentence, the option of suspending some part of the sentence was no longer available and the trial justice could either deny the motion or shorten the original term of imprisonment.

■ Our next consideration is what relief is appropriate as a result of our conclusion that the attempted suspension is invalid. The defendant would have us vacate only the suspension portion and affirm the alleged reduction to ten years to serve. It is unlikely, however, that the trial justice intended such a result. The better approach, and that adopted by a number of other courts confronted with similar circumstances, is to vacate the entire order on the motion to reduce, thereby reinstating the original twenty-year sentence. *See United States v. Zinkovich,* 437 F.2d 760 (10th Cir.

1971) (affirming decision vacating order placing defendant on probation after he began serving sentence and reinstating original sentence); *Glouser v. United States,* 340 F.2d 436 (8th Cir.1965) (affirming decision that order of suspension and probation after commenced serving sentence is void and nunc pro tunc restoration of original sentence); *Sweeting v. State,* 390 So.2d 773 (D.Ct.App.Fla.1980) (vacating order placing defendant on probation after he began serving sentence and reinstating original sentence); *cf. Tiitsman v. Black,* 536 F.2d 678 (6th Cir.1976) (holding that even if order placing defendant on probation was invalid because defendant not present at hearing, defendant still in custody under original sentence); *United States v. Becker,* 536 F.2d 471 (1st Cir.1976) (reinstating original sentence and vacating resentencing upon finding that original sentence not "illegal").

■ We therefore hold that the decision rendered on December 14, 1977, on the defendant's motion to reduce is hereby vacated in its entirety. The order declaring the defendant a probation violator and the corrected judgment are both null and void. The original sentence of twenty years' imprisonment is reinstated with credit for time already served. The defendant should not be foreclosed, however, from having a proper determination on his motion to reduce if he so desires. Therefore, the defendant shall be granted leave to file a motion to reduce sentence pursuant to Rule 35 within 120 days of the filing of this opinion. The trial justice shall render a decision on said motion in accordance with this opinion.

The defendant's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

SHEA, J., did not participate in this opinion.