**RHODE ISLAND LABORERS'
DISTRICT COUNCIL**

v.

**STATE of Rhode Island.**

No. 90–32–Appeal.

Supreme Court of Rhode Island.

June 6, 1991.

Richard Skolnik, Lipsey & Skolnik and Donald S. Iannazzi, Public Service Employees, Providence, for plaintiff.

Lauren E. Jones, Jones Associates, Providence and Vincent Piccirilli, Piccirilli & Sciaccia, Cranston, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal by the Rhode Island Laborers' District Council on behalf of the Rhode Island Judicial Professionals and Technical Employees Local Union No. 808 (union) from a judgment of the Superior Court that vacated in part an arbitrator's award. The award declared that although a supervisory employee had been insubordinate, the discharge of that employee was not justified, and therefore, the discharge was modified by the arbitrator to a six-month suspension. We affirm the judgment of the Superior Court. The facts of the case as found by the arbitrator are as follows.

Robert Kando (grievant or Kando) was a supervising deputy clerk who was responsible for personnel matters in the Fifth Division of the Rhode Island District Court. The appointing authority for the supervising deputy clerks was and is the Chief Judge of the District Court. Under the terms of the collective-bargaining agreement between the union and the State of Rhode Island, the Chief Judge of the District Court or [his or her] designee "shall have sole jurisdiction over the management of the operations of [his or her] court as provided by law including, but not limited to, the work to be performed, the scheduling of work, the establishment of shifts and hours of work, the promotion of employees, fixing and maintaining standards of quality of work, methods of operations, the right to hire, transfer, discipline or discharge for just cause." (Contract art. II, sec. 2.1.) The chief judge discharged Kando for (1) granting an employee vacation time while aware that the chief judge had denied the same days; (2) failing to maintain a log book; (3) taking unauthorized family sick leave; and (4) failing to attend a meeting that the chief judge had specifically ordered him to attend on August 25, 1987.

In considering these charges, the arbitrator found it perplexing to understand why Kando granted an employee vacation days that were specifically denied by the chief judge. The arbitrator found Kando's ex-

planation to be less than satisfactory. Nevertheless, he put this charge aside by saying that the chief judge seemed to have been satisfied with a verbal warning in connection with this charge.

In respect to the maintenance of a log book, the arbitrator found that log books were distributed to the clerks for the calendar year 1987. He found that Kando gave no explanation for his not using the book that was specifically purchased for his use. Despite repeated reminders to maintain his log book, grievant assumed his calendar was an acceptable alternative. He never bothered to check this substitution with anyone. The arbitrator remarked that "[t]he fact that now no one seems to know where grievant's calendar is may seem suspicious, but there is not sufficient basis to conclude that grievant never kept these records on a wall calendar or that keeping the records on a wall calendar was improper."

In respect to the August 25 failure to attend a meeting pursuant to the direct order of the chief judge, the excuse was that grievant was attending to his sick father pursuant to family sick leave. The arbitrator regarded this as the most serious charge. The arbitrator's comments on this aspect of the grievance are significant:

"Grievant cavalierly indicates that as long as he was on family sick leave he did not have to attend the meeting. Grievant offers no explanation why he could come to work to fill in his time card one day and could not come in another day for a meeting. While there is not [*sic*] doubt but that grievant was going through a very difficult time at home, there is simply no explanation given why he did not call the Chief Judge at sometime before Tuesday afternoon to be excused from the meeting. He was aware that he was required to be at the meeting and once again grievant seems to try to rely on a technicality by saying he did not have to attend the meeting if he was out of work that day on family sick leave. Even if he thought he could merely grant himself family sick leave, he still had an obligation to discuss the situation with the Chief Judge who instructed him to appear at the meeting. He was specifically instructed that if he could not make the meeting to speak directly to the Chief Judge. He simply disregarded the Chief Judge's instructions to appear at the meeting and the instruction to speak with the Judge if he had a problem with attending the meeting.

"Besides being insubordinate, he created additional confusion by not bothering to tell anyone what the circumstances of his absence were. His staff at the Fifth Division all assumed that he was on vacation. Grievant must have been aware there would be a problem if he did not show up at the meeting which was intended to deal with questions about his following the procedures properly.

"Grievant was insubordinate in not coming to the meeting and not calling the Chief Judge to explain that he felt he could not come to the meeting. In analyzing the penalty for his actions, this Arbitrator starts with the principle that he is not to substitute his judgment for that of the Appointing Authority."

Nevertheless, after making these devastating findings, the arbitrator proceeded to substitute his judgment for that of the chief judge. The arbitrator modified the discharge to a six-month suspension and ordered the reinstatement of employee with back pay, interest, benefits, and seniority for the period he was out of work beyond the six-month suspension, less any appropriate offsets.

Pursuant to a motion made by the State of Rhode Island to vacate or to modify the arbitrator's award, and a petition by the union to confirm the award, a justice of the Superior Court determined that the arbitrator's decision was based upon a manifest disregard of the collective-bargaining agreement, constituted an irrational result, failed to draw its essence from the collective-bargaining agreement, and was not based upon a passably plausible interpretation thereof. The Superior Court justice then denied the union's petition to confirm the arbitrator's award and granted the state's motion to vacate the award. The

judgment entered confirmed the finding of just cause and vacated the modification of the penalty. The court upheld grievant's termination for just cause.

We have previously stated in *State v. National Association of Government Employees Local No. 79*, 544 A.2d 117, 119–20 (R.I.1988), that when an arbitrator found just cause to discipline an employee who had assaulted a patient, that modification by the arbitrator of the penalty from discharge to a three-month suspension was properly held by a Superior Court justice to be a manifest disregard of the contract provisions and a violation of his powers as set forth in G.L.1956 (1986 Reenactment) § 28–9–18, which sets forth the grounds for vacating an arbitrator's award.

In the case at bar, the arbitrator was obviously constrained to find that grievant was flagrantly insubordinate on at least one charge of failing to attend a meeting on August 25, when he had been specifically ordered to do so. Although grievant's excuses on the three other charges were flimsy, the arbitrator chose to utilize them to avoid placing responsibility upon grievant. In spite of his best efforts, he could not excuse the failure to attend the meeting on August 25. Consequently he went forward and substituted his judgment for that of the chief judge on the penalty to be imposed. This was a direct violation of the doctrine enunciated by us in *State v. National Association of Government Employees Local No. 79, supra.*

Moreover, it should be noted that the chief judge has been given by statute the power and the duty to supervise the operations of the District Court. G.L.1956 (1985 Reenactment) § 8–8–12. He has also been given the power to appoint a deputy clerk for each division to serve at his pleasure. Section 8–8–15(b). There is no question that the collective-bargaining agreement limits the power of the chief judge to discharge at pleasure. It requires that such a discharge be imposed only for just cause. However, there are limits to the extent that a statutory power and responsibility may be bargained away in a labor contract. *See Vose v. Rhode Island Brotherhood of Cor-*

*rectional Officers*, 587 A.2d 913 (R.I.1991). Although the penalty of discharge has from time to time been referred to as a capital penalty in the labor context, it is equally true that direct and flagrant insubordination constitutes a capital offense in the context of employer-employee relations. It is difficult to conceive the quantum of authority that would be retained by the chief judge if he were forced to reinstate a supervisory employee who had disobeyed him on at least four occasions, and on one of those occasions with no really articulable excuse or justification.

Such a result would, in our opinion, transform the chief judge into a figure of derision rather than one of authority. Consequently the Superior Court justice was correct in finding this to be an irrational result. For similar holdings in which courts have determined that an arbitrator may not substitute his or her judgment for an appointing authority in selection of discipline, see *S.D. Warren Co., A Division of Scott Paper Co. v. United Paperworkers' International Union*, 846 F.2d 827 (1st Cir.), *cert. denied*, 488 U.S. 992, 109 S.Ct. 555, 102 L.Ed.2d 582 (1988); *S.D. Warren Co., A Division of Scott Paper Co. v. United Paperworkers' International Union*, 845 F.2d 3 (1st Cir.), *cert. denied*, 488 U.S. 992, 109 S.Ct. 555, 102 L.Ed.2d 582 (1988), wherein contract language giving the sole right to discharge employees for just cause precluded an arbitrator from substituting her judgment in regard to the choice of sanction. *See also Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Association*, 889 F.2d 599 (5th Cir.1989), *rehearing en banc denied*, 897 F.2d 746 (5th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 148, 112 L.Ed.2d 114 (1990).

For the reasons stated, the appeal of the union is hereby denied and dismissed. The judgment of the Superior Court vacating the arbitrator's award in part and upholding the discharge of the grievant is hereby affirmed. The papers in the case may be remanded to the Superior Court.