STATE

v.

Enrichetta M. MARIANO.

No. 94–206–M.P.

Supreme Court of Rhode Island.

Oct. 24, 1994.

Jeffrey Pine, Atty. Gen., Lauren Sandler Zurier, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

John Verdecchia, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before the Supreme Court pursuant to an order placing it on the show-cause calendar and directing the parties to appear on a date to be assigned to show cause why the issues raised in this appeal should not be summarily decided. In this case the Attorney General has petitioned for certiorari to review the Superior Court order placing the previously sentenced defendant

in home confinement. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

In February 1993 defendant, Enrichetta M. Mariano, entered a plea of nolo contendere to an indictment charging defendant with embezzlement. The trial justice imposed a ten-year sentence with five years to serve but permitted defendant, over the Attorney General's objection, to be placed immediately on work release. Shortly thereafter, in June 1993 defendant's attorney filed a motion under Rule 35 of the Superior Court Rules of Criminal Procedure to reduce or modify the sentence so that defendant could serve her sentence in home confinement. No grounds were set out in the motion to justify reduction or modification of the sentence.

The state objected, arguing that such a modification of sentence was not possible under Rule 35, and also, that the Community Confinement Act, G.L.1956 (1993 Reenactment) § 42–56–20.2, does not authorize the trial justice, on her own, to change the sentence of a person while the sentence is being served.

Rule 35 provides in part that:
"[t]he court may correct a sentence imposed in an illegal manner and it may reduce any sentence within one hundred twenty (120) days after the sentence is imposed."

This court stated in *State v. O'Rourke*, 463 A.2d 1328 (R.I.1983), that once a defendant begins serving a term of imprisonment, the correctional authorities are in a better position than a sentencing justice to evaluate a defendant's progress in order to decide whether mitigation of the sentence is appropriate. *Id.* at 1331. Rule 35 has no application to what the trial justice was asked to do. The rule enables a defendant to seek a reduction in sentence. This court has said that "[t]he reduction contemplated by Rule 35 is a shortening of the period of imprisonment." 463 A.2d at 1331. The "reduction" permitted by the rule therefore, involves a change in the amount of time a defendant is confined rather than a change in the place where he or she is confined. Our opinion in *O'Rourke* distinguishes between suspension and probation on the one hand and a reduction in length of sentence on the other.

The Community Confinement Act authorizes a sentencing justice to impose a sentence of home confinement at the time a defendant is being sentenced. The Superior Court has no power to initiate a change to home-confinement status after a defendant has begun to serve the sentence imposed. Section 42–56–20.2(c)(iii). The trial justice may order a change to home confinement only after the director of corrections has made a written application suggesting that such a change in a defendant's status is warranted. Section 42–56–20.2(c)(ii). That procedure was not followed in this case. Inquiring of a spectator in the courtroom who was an employee of the Department of Corrections whether he approved of what the court had already decided to do does not constitute compliance with the statute. The Community Confinement Act, so called, must be strictly construed and applied.

For these reasons the petition for certiorari is granted, the order of the Superior Court is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.