**TOWN OF WEST WARWICK**

v.

**LOCAL 2045, COUNCIL 94.**

**No. 97–106–Appeal.**

Supreme Court of Rhode Island.

March 27, 1998.

Douglas B. Neu, Boston, MA, Daniel Kemp Kinder, Providence.

Gerard P. Cobleigh.

### ORDER

This case came before a panel of the Supreme Court on March 17, 1998, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendants, Local 2045, Council 94, A.F.S.C.M.E., AFL–CIO and its officers, have appealed from a Superior Court judgment that granted the motion to stay arbitra-

tion made by the plaintiff, the Town of West Warwick (town).

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The town has a validly enacted home rule charter (town charter), one provision of which specifically bars the town from employing anyone who has been convicted of a felony. In addition, the town charter directs that anyone convicted of a felony while in the employ of the town shall be subject to suspension and removal from employment.

On May 8, 1996, Robert Ventura (Ventura) and John Richmond (Richmond), both members of Local 2045, were terminated from their employment with the town when the town discovered that the two men were convicted felons. Both Ventura and Richmond were afforded pre-termination hearings. Their union, Local 2045, filed grievances on their behalf which were denied by the town. After the union filed demands for arbitration pursuant to a collective bargaining agreement with the town, the town sought a permanent stay of arbitration and a declaration that Ventura's and Richmond's terminations were not arbitrable as a matter of law.

The defendants argued that the terminations were subject to arbitration because the town charter provisions are superseded by state law encouraging collective bargaining. A Superior Court trial justice, after hearing the parties' arguments, found as a matter of law that the terminations were not arbitrable, and he entered an order permanently staying arbitration proceedings. The defendants then brought this appeal.

This Court has previously held that powers and responsibilities assigned to governmental employers by state law may not be negotiated away and are not arbitrable. *State v. Rhode Island Council 94, A.F.S.C.M.E., AFL–CIO*, 692 A.2d 318, 324–25 (R.I.1997). Similarly, a valid employment requirement prescribed by state law cannot be negotiated and is not a proper subject for arbitration.

Here, no pertinent factual issues are in dispute. Neither Ventura nor Richmond de-

nies that he is a convicted felon. The town charter, which has the force and effect of state law, specifically bars the town from employing convicted felons. Town officials are not afforded any discretion by the town charter with respect to this condition precedent for employment with the town. Therefore, the trial justice did not err in concluding that the terminations at issue here were nonarbitrable.

For the foregoing reasons, we deny and dismiss the defendant's appeal, and affirm the judgment of the Superior Court, to which the papers in this case may be remanded.

WEISBERGER, C.J., and GOLDBERG, J., did not participate.