## TOWN OF WEST WARWICK
### v.
### LOCAL 2045 et al.
### No. 96–603–Appeal.

Supreme Court of Rhode Island.

March 31, 1998.

Douglas B. Neu, Boston, MA, Daniel Kemp Kinder, Providence.

Gerald P. Cobleigh, Warwick.

### AMENDED ORDER

This case came before the court for oral argument March 10, 1998, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendants, Local 2045, R.I. Council 94, AFSCME, AFL–CIO and its officers, (union) appeal from a judgment entered in the Superior Court in favor of the plaintiff, Town of West Warwick (town). This judgment was entered pursuant to a complaint filed by the town seeking declaratory and injunctive relief against the union to prevent arbitration of a grievance that resulted from the termination of a town employee, John Forcier. The complaint alleged that Forcier was terminated on March 6, 1996, due to his having been convicted of a felony (assault with a dangerous weapon) in November 1978.

The employee was hired by the town on June 22, 1983.

After Forcier's termination the union filed a grievance which was denied by the town. Thereafter the union filed a demand for arbitration. Subsequently the town brought the instant complaint alleging that the matter was not arbitrable and seeking injunctive relief against the union's proceeding with arbitration and a declaration that this question was not arbitrable.

A justice of the Superior Court after hearing determined that this termination was required by the Home Rule Charter and was, therefore, not an arbitrable issue. The applicable provisions of the town's Home Rule Charter were as follows:

"912. Felony Convictions.

"No person who shall have been convicted of a felony shall be eligible to be a candidate for appointment of any position in the employment of the town. Any employee of the town who shall be indicted or convicted on a felony charge shall be subject to suspension and removal from office in the same manner as prescribed for officers of the town in Section 2209 of this Charter.

"2209. Conviction of Crime.

"Any officer of the town who shall have been indicated on a felony charge, may at the discretion of the town council, be suspended from office with pay pending trial, and any officer of the town who shall be automatically suspended from office without pay pending the outcome of any appeal from said conviction. Any such officer whose conviction shall stand following the exhaustion of all appeals shall be deemed to have vacated his or her office. Any such officer whose conviction shall be overturned upon appeal, may resume his or her duties and shall be paid all compensation that would otherwise have been due during his or her suspension from office."

(The language of these provisions is identical to that contained in the 1986 Charter.)

The trial justice concluded that the Charter provisions were controlling, that the termination was mandated by the Charter, and that therefore, the issue was not arbitrable. See Vose v. Rhode Island Brotherhood of Correctional Officers, 587 A.2d 913 (R.I. 1991). The trial justice also concluded that the Charter as ratified and enacted by the Legislature had the same force and effect as a statute and, therefore, any dispute relating to its terms was not arbitrable.

In response to the union's argument that the collective bargaining statutes relating to municipal employees G.L.1956 § 28–9.4–1 et seq. would supersede the Charter, the town argues that when a general statute and a special statute relate to the same subject matter, the special statute is controlling if the two are in conflict. See G.L.1956 § 43–3–26; Betz v. Paolino, 605 A.2d 837, 840 (R.I.1992); St. Germain v. City of Pawtucket, 119 R.I. 638, 641, 382 A.2d 180, 181 (1978). We are persuaded that the town's argument is correct.

Consequently, we are of the opinion that this issue is controlled by the Home Rule Charter and is not arbitrable. We point out, however, that the final judgment entered by the trial justice related only to arbitrability. The employee may still have a remedy in respect to the application of the Charter to his employment since he was engaged prior to the adoption of the Charter.

In any event, the determination of the trial justice' on the issue of arbitrability was correct and, therefore, the union's appeal is denied and dismissed, and the judgment as to arbitrability is affirmed.