**STATE**

v.

**Steven DESJARLAIS.**

No. 98–550–M.P.

Supreme Court of Rhode Island.

June 21, 1999.

Aaron L. Weisman, Providence, for Plaintiff.

Susan Carlin, Stephen R. Famiglietti, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The state seeks review of a Superior Court trial justice's denial of its motion to correct an illegal sentence in this case, which came before the Supreme Court for oral argument on May 19, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised in this petition for certiorari should not be summarily decided. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

On December 18, 1997, following a jury-waived trial, defendant, Steven Desjarlais, was found guilty of one count of driving to endanger, death resulting, and one count of driving under the influence, death resulting, arising out of an auto accident that occurred in February, 1993. At the time of the accident, both crimes were among the offenses for which sentencing could include the option of home confinement. The defendant was sentenced on March 13, 1998, to a cumulative term of twenty-years incarceration at the Adult Correctional Institutions (ACI), all but five of which were suspended, and fifteen-years probation. Of the five non-suspended years, the court ordered defendant to serve the first year at minimum security work release and the remaining four years in home confinement. In 1994, the year after the auto accident, the Legislature amended the home confinement statute, G.L.1956 § 42–56–20.2, by adding driving under the influence, death resulting, and driving to endanger, death resulting, to the list of crimes ineligible for a home confinement sentence. (P.L.1994, ch. 70, art. 40, § 1.) At the time of sentencing, the trial justice rejected the state's argument that the 1994 amendment rendered defendant ineligible for home confinement. The state subsequently filed a motion to correct sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure, but the motion was denied by the trial justice. The state sought review, and we issued the writ of certiorari.

On review, the state argued that the sentence was illegal because the 1994 amendment to the community confinement statute precluded a sentence of home confinement for the offenses of which defendant was found guilty. In response, defendant argued that the sentence was legal and that application of the 1994 amendment to his pre–1994 conduct would violate the *ex post facto* clauses of the Rhode Island and the United States Constitutions. U.S. Const. Art. I, sec. 10; R.I. Const. art. 1, sec. 12. The federal *ex post facto* clause, in relevant part, provides that "No State shall * * *. pass any * * * ex post facto law." U.S. Const. Art. I, sec. 10. The United States Supreme Court has explained that in order "[t]o fall within the *ex post facto* prohibition, a law must [1] be retrospective * * * and [2] it 'must disadvantage the offender' * * * by altering the definition of criminal conduct or increasing the punishment for the crime[.]" *Lynce v.*

*Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 896, 137 L.Ed.2d 63, 72 (1997).

■■■■ "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351, 360 (1987) (quoting *Weaver v. Graham,* 450 U.S. 24, 31, 101 S.Ct. 960, 965, 67 L.Ed.2d 17, 24 (1981)). In 1993, when defendant committed the acts in question, the relevant statutes provided that he could be sentenced to home confinement. The 1994 amendment to the home confinement statute, however, prohibited the imposition of home confinement for the crimes of which defendant was convicted. Therefore, although application of the amendment in this case would be retrospective in that it would change the possible legal consequences of defendant's acts by changing the nature or conditions of confinement, we believe that this change does not constitute an increase in punishment within the meaning of the *ex post facto* clause.

In an opinion relevant to the case before us, the United States Court of Appeals for the First Circuit addressed an *ex post facto* challenge to the retroactive application of new regulations governing participation in a work release program. *Dominique v. Weld,* 73 F.3d 1156 (1st Cir.1996). Under the regulations, the defendant was no longer eligible to participate in the program. *Id.* at 1157. The question in *Dominique* was whether the change "increase[d] the penalty by which a crime is punishable." *Id.* at 1163 (quoting *California Department of Corrections v. Morales,* 514 U.S. 499, 506–07 n. 3, 115 S.Ct. 1597, 1602 n. 3, 131 L.Ed.2d 588, 595 n. 3 (1995)). In *Morales,* the United States Supreme Court explained that the *ex post facto* clause does not "require that the sentence be carried out under the identical legal regime that previously prevailed." *Morales,* 514 U.S. at 510 n. 6, 115 S.Ct. at 1603 n. 6, 131 L.Ed.2d at 597 n. 6. Relying on *Morales,* the *Dominique* court concluded that although "[i]t [could] be argued that

the regulation increases the penalty because it subjects Dominique to a different and stricter prison regime * * * this change in the conditions determining the nature of his confinement while serving his sentence was an allowed alteration in the prevailing 'legal regime' rather than an 'increased penalty' for ex post facto purposes." *Dominique,* 73 F.3d at 1163. We are of the opinion that this rationale is persuasive here.

We have held that "home confinement * * * is a form of imprisonment," *State v. Quattrocchi,* 687 A.2d 78, 79 (R.I.1996), and that sentencing a person to home confinement as opposed to incarceration in a correctional facility is merely a "change in the place where he or she is confined." *State v. Mariano,* 648 A.2d 803, 804 (R.I. 1994). Accordingly, we are of the opinion that application of the 1994 amendment to defendant does not constitute an increase in punishment within the meaning of the *ex post facto* clause because the amendment merely results in a change in the conditions of his confinement. At the time of sentencing, home confinement was not a viable option that the trial justice could consider, and he therefore erred in so sentencing defendant.

Therefore, in conclusion, we grant the state's petition for certiorari, quash the sentence imposed, and remand the case to the Superior Court for the imposition of a new sentence.