DECISION
Before this Court is an action for declaratory and injunctive relief filed by plaintiff Mayor William R. Macera. Plaintiff Macera asks this Court to declare that the Deputy Town Clerk of the Town of Johnston is an appointed officer who serves at the pleasure of the Mayor under the Johnston Town Charter. Additionally, plaintiff Macera requests that the provisions of the Collective Bargaining Agreement which include the Deputy Town Clerk in the collective bargaining unit be declared null and void on the grounds that those provisions violate the Town Charter and the Mayor's prerogative to appoint whomever he wishes as Deputy Town Clerk. Finally, plaintiff Macera requests that this Court order injunctive relief barring defendant Johnston Town Council, sitting as the Board of Personnel Review, from enforcing its February 15, 1999 decision to reinstate defendant Charlotte Lanni to her former position as Deputy Town Clerk. This Court has jurisdiction pursuant to R.I. Gen. Laws § 9-30-1 et seq.
 FACTS/TRAVEL
Charlotte Lanni has been employed by the Town of Johnston since 1982. In 1991, Ms. Lanni was appointed as Deputy Town Clerk, where she continued to serve until she was appointed Town Clerk in 1995. In July of 1996, the Town of Johnston entered into a Collective Bargaining Agreement with the Johnston Town Employees Local 1491, Council 94 municipal union (Local 1491), which was in effect during all relevant periods and continues to remain in effect. Ms. Lanni has been a bargaining unit member of the Local 1491 throughout her employment with the Town of Johnston, except for time she served as Town Clerk. On or about December 16, 1998, Mayor-elect Macera, through his counsel, sent a letter to Ms. Lanni requesting her resignation as Town Clerk. Under § 5.1 of the Town of Johnston's Home Rule Charter ("the Charter"), the offices of Town Clerk and Deputy Town Clerk are appointed by the Mayor and serve at his pleasure. On or around December 21, 1998, Ms. Lanni tendered her involuntary letter of resignation as Town Clerk effective January 8, 1999. Another individual was appointed Town Clerk by Mayor Macera, and Ms. Lanni was demoted to the position of Clerk III, the position she had held prior to her appointment as Deputy Town Clerk.
In response to her involuntary termination and demotion to Clerk III, Ms. Lanni filed a grievance alleging that the plaintiff had violated § 10.9 of the Collective Bargaining Agreement by not permitting her to return to her former position of Deputy Town Clerk. Section 10.9 of the Collective Bargaining Agreement states that "Leave to Protect Status shall be granted to all employees covered by this agreement for purposes of promotion outside the bargaining unit but within the jurisdiction of the Town of Johnston." Pursuant to the Charter, Ms. Lanni also filed an appeal of her demotion and commensurate decrease in pay to the Johnston Town Council acting in its capacity as the Board of Personnel Review. Section 16-10 of the Charter, entitled "Town Council as Board of Personnel Review," provides in pertinent part that "[t]he jurisdiction of the town council acting as the board of personnel review shall extend to all cases of appeals from dismissal, suspensions, demotions, transfers or layoffs of appointed officers and employees of the town, . . . except those provided for otherwise in this Charter."
The Town Council, sitting as the Board of Personnel Review, conducted a hearing on February 15, 1999, and found that the Collective Bargaining Agreement was enforceable against the new administration of plaintiff Macera since the position of Deputy Town Clerk could be included in the Collective Bargaining Agreement. As such, the Town Council ordered that Ms. Lanni be reinstated as Deputy Town Clerk, pursuant to § 10.9 of the Collective Bargaining Agreement, and be awarded an adjustment for back pay to the time of her demotion.
Plaintiff Macera filed an action to enjoin the Town Council, sitting as the Board of Personnel Review, from enforcing its decision and for a declaratory judgment finding that the provisions of the Collective Bargaining Agreement which conflict with the Charter are null and void. In the complaint, plaintiff Macera contends that the decision of the Town Council to reinstate Ms. Lanni as Deputy Town Clerk is a clear violation of the provisions of the Johnston Town Charter and the Rhode Island Constitution in that "the actions of the Town Council constitute an unlawful usurpation of the powers of the executive branch of government. . . ."
On February 16, 1999, Justice Silverstein granted a temporary restraining order to enjoin the enforcement of the Town Council decision. On March 31, 1999, plaintiff Macera filed a claim of appeal of the decision of the Johnston Town Council in this action. On April 2, 1999, the defendants filed both a motion to dismiss and for summary judgment on the grounds that this Court lacked jurisdiction over an appeal of a Town Council decision. Defendants argued that the current action is an appeal of the Town Council's decision, guised as an action for declaratory and injunctive relief, such that the plaintiff must proceed, if at all, by filing a petition for writ of certiorari to the Rhode Island Supreme Court. Defendants further contended that this Court should decline to review the Town Council's decision since there existed a grievance/arbitration procedure for dispute resolution.
On April 5, 1999, at the hearing on defendants' motions, plaintiff Macera agreed to proceed by filing a petition for writ of certiorari to the Rhode Island Supreme Court. This Court deferred further action pending a decision on the petition for writ of certiorari. On April 22, 1999, the Rhode Island Supreme Court entered an order deferring further consideration of the certiorari petition pending hearing and decision by this Court on plaintiff Macera's complaint for declaratory and injunctive relief. The parties submitted this case to the Court for decision on the record of the Town Council proceeding and legal memoranda.
 JURISDICTION The Rhode Island Uniform Declaratory Judgments Act provides that:
 "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." R.I. Gen. Laws § 9-30-2.
Under the Act, an interested party may have the court, in its discretion, evaluate the validity and construction of a contract. Here, the defendants were parties to the Collective Bargaining Agreement at issue, which was entered into by the Town of Johnston and the Local 1491. The interaction between the Collective Bargaining Agreement and the Town Charter is at issue. This Court finds the requisite justiciable controversy, therefore, and will exercise its discretion to entertain plaintiff Macera's request for declaratory and injunctive relief.Berberian v. Travisono, 114 R.I. 269, 332 A.2d 121 (1975). In doing so, the Court acknowledges the purpose of the Uniform Declaratory Judgment Act to be the termination and determination of controversies. Fireman's Fund Ins. Co. v. E.W. Burman. Inc.,120 R.I. 841, 391 A.2d 99 (1978). Finding all interested parties to the contract present, this Court proceeds.
THE HOME RULE CHARTER VERSUS THE COLLECTIVE BARGAINING AGREEMENT
Plaintiff Macera contends that § 5.1 of the Charter supersedes § 10.9 of the Collective Bargaining Agreement and as such, Ms. Lanni is not entitled to assume the position of Deputy Town Clerk. Plaintiff claims that the "provisions of the town charter are the organic law of the town in the same fashion as state statutes and the state constitution constitute organic law of the state." Borromeo v. Personnel Board of the Town ofBristol, 367 A.2d 711, 713 (R.I. 1977). Plaintiff Macera further alleges that since the Supreme Court has placed limits on the extent to which a statutory power or responsibility may be bargained away, his predecessor did not possess the legal ability to bargain away the authority vested to the Mayor of Johnston under the Charter. As such, his predecessor's actions constituted a unilateral attempt to prevent a successor Mayor of Johnston from fulfilling a responsibility specifically reserved to him by the people under the Town Charter.
Defendants argue that the plaintiff's prayer for declaratory judgment should be denied given the fact that the disputed section of the Collective Bargaining Agreement was negotiated pursuant to the Arbitration of Municipal Employees Disputes Act, R.I. Gen. Laws § 28-9.4-1 et seq., and that a statute which has a general application that does not impermissibly affect the form of a municipal government supersedes conflicting provisions of a municipal charter. Defendants further contend that the disputed provision should be upheld since the provision was lawfully bargained for pursuant to the Town Council's authority to enter into collective bargaining agreements on behalf of the Town. According to the defendants, unlike other authority granted to the Town Council, there is no limiting language associated with the authority to negotiate and sign agreements with employee unions. Lastly, the defendants assert that provisions in collective bargaining agreements which provide employees with greater protection than that afforded to them under the Charter and which are in accordance with the provisions of the general laws prevail over the contrary Charter provisions.
Rhode Island General Laws § 28-9.4-3, entitled "Right to Organize and Bargain Collectively," provides that:
 "[t]he municipal employees of any municipal employer in any city, town, or regional school district, shall have the right to negotiate and to bargain collectively with their respective municipal employers and to be represented by an employee organization in the negotiation or collective bargaining concerning hours, salary, working conditions, and all other terms and conditions of employment."
Our Supreme Court, however, has placed limits on the extent to which a collective bargaining agreement may bargain away a statutory power or responsibility. See Rhode Island Laborers'Dist. Council v. State, 592 A.2d 144, 146 (R.I. 1991) (citingVose v. Rhode Island Brotherhood of Correctional Officers,587 A.2d 913 (R.I. 1991)).
In Vose, despite a provision in the Collective Bargaining Agreement which provided that the Director of the Rhode Island Department of Corrections would mandate involuntary overtime only if an emergency situation arose, the Director adopted a policy, pursuant to his plenary powers derived from R.I. Gen. Laws §42-56-10, which required officers to work involuntary overtime.Vose, 587 A.2d at 913-914. In Vose, the Supreme Court found that the bargaining agreement stripped the Director "of his ability to `[m]ake and promulgate necessary rules and regulations incidental to the exercise of his powers . . .'" and therefore held that the Director's statutory powers and obligations could not be contractually abdicated. Id. at 915; see also Power v. City ofProvidence, 582 A.2d 895 (R.I. 1990) (contracts entered into in contravention of a state statute are illegal, and no contract rights are created thereby.)
This Court finds the holding in Vose controlling. The Johnston Town Charter was enacted pursuant to the Rhode Island Home Rule Amendment which extends authority to every city and town to enact a home rule charter. See R.I. Const. Art. 13, § 1. The Home Rule Amendment grants municipalities "the authority to enact a home rule charter, which gives the town the right of self-government in all local matters as long as the charter is `not inconsistent with this Constitution and laws enacted by the general assembly in conformity with the powers reserved to the general assembly.'" Westerly Residents for ThoughtfulDevelopment, Inc. v. Brancato, 565 A.2d 1262, 1263-64 (R.I. 1989).
Furthermore, the provisions of a town charter are the organic law of the town with respect to municipal affairs. See Borromeov. Personnel Board of the Town of Bristol, 367 A.2d 711, 713 (R.I. 1977); see also Windham Taxpayers v. Windham,662 A.2d 1281, 1290 (Conn. 1995); see generally 62 Am.Jur.2d MunicipalCorporations § 124, at p. 271 (1978). "The [town] charter represents the supreme law of the [town], subject only to conflicting provisions in the state and federal constitutions, or to preemptive state or federal law." 2A McQuillin MunicipalCorporations § 9.03, p. 165. When a town adopts its charter, it is in effect adopting a general law of the state. O'Neil v.Town of East Greenwich, 617 A.2d 104, 111 (R.I. 1992). As such, the town charter has the force and effect of state law. See Townof West Warwick v. Local 2045, Council 94, 714 A.2d 611, 612 (R.I. 1998); see also 2A McQuillin Municipal Corporations, § 9.08, p. 179.
This Court further finds that the Town Council did not possess the authority to bargain away the Mayor's power to appoint the Deputy Town Clerk and, as such, the position of Deputy Town Clerk was improperly included in § 10.9 of the Collective Bargaining Agreement. The Charter for the Town of Johnston reflects the prerogative of the people to vest the Mayor with the power to appoint both the Town Clerk and the Deputy. Town Clerk to serve at his pleasure. Article V, § 5.1 of the Charter provides:
 "[t]here shall be a town clerk who shall be appointed by the mayor to serve at the pleasure of the mayor. In the same manner and the same term, there shall be appointed a Deputy Town Clerk who in the absence or disability of the town clerk shall have all the powers to perform the duties which are granted to the office of town clerk . . ."
The language that the offices of Town Clerk and Deputy Town Clerk "serve at the pleasure of" the Mayor demonstrates that it was the framers intent to provide the Mayor with the unbridled authority to appoint and to remove the Town Clerk or Deputy Town Clerk without cause. See Montaquila v. St. Cyr, 433 A.2d 206, 213 (R.I. 1981). The drafters intended that these positions were to be treated differently than those of other municipal employees and, as such, the individuals who hold these positions are not protected against a dismissal that resonates from a change in a mayoral administration. The inclusion of the Deputy Town Clerk in § 10.9 of the Collective Bargaining Agreement unlawfully strips the Mayor of Johnston of his power to make appointments to a position that the people have determined, through the Charter, is important to the effective management of the Mayor's administration. As such, the Town Council cannot enter into a collective bargaining agreement, in contravention of the Charter, that would bargain away the power afforded the Mayor to have the Deputy Town Clerk serve at his pleasure.
Furthermore, this Court finds that the defendants' assertion that the Town Council's ability to enter into collective bargaining agreements is without limitation to lack merit. Both the Home Rule Charter and R.I. Gen. Laws § 28-9.4-3 provide the authority to enter into collective bargaining agreements with the municipal employees of Johnston. Section 16-13 of the Charter states that the Town Council is empowered to recognize employee unions, negotiate with them, and sign written agreements either directly or through the town administrator. Additionally, R.I. Gen. Laws § 28-9.4-3, entitled "Right to Organize and Bargain Collectively," states that:
 "[t]he municipal employees of any municipal employer in any city, town, or regional school district, shall have the right to negotiate and to bargain collectively with their respective municipal employers and to be represented by an employee organization in the negotiation or collective bargaining concerning hours, salary, working conditions, and all other terms and conditions of employment."
As a general rule, however, a public employer may not be made to relinquish any of its management prerogatives and bind itself even voluntarily to an enforceable agreement. See Paterson PolicePBA v. Paterson, 432 A.2d 847, 851 (N.J. 1981). This Court recognizes that under the Charter, the Town Council is empowered to enter into collective bargaining agreements. Yet, nowhere in the Charter is the Town Council authorized to bargain away a power vested in the Mayor. The framers clearly intended that the Mayor possess unfettered control over the appointment and removal from the position of Deputy Town Clerk, and the Town Council and former Mayor cannot usurp a successor's power of appointment and removal through the collective bargaining process. As such, the language of the Charter, that the Deputy Town Clerk "serve[s] at the pleasure of the Mayor," indicates that the appointment and removal of individuals from that position is an inherent managerial prerogative which is not susceptible to collective bargaining.
Accordingly, this Court declares that, under the Johnston Town Charter, the Deputy Town Clerk serves at the pleasure of the Mayor. Additionally, this Court declares that the provision in § 10.9 of the Collective Bargaining Agreement, which includes the position of Deputy Town Clerk in the bargaining unit in contradiction of the Town Charter, is null and void.[1] As such, defendant Lanni has no right of appointment to the position of Deputy Town Clerk and no right of appeal under the Town Charter to the Town Council sitting as the Board of Personnel Review.[2] Furthermore, Ms. Lanni originally accepted the positions of Town Clerk and Deputy Town Clerk with full knowledge that in these positions, she served at the pleasure of the Mayor. Although the office of Deputy Town Clerk was incorporated into § 10.9 of the Collective Bargaining Agreement to afford Ms. Lanni job security when a new administration took office, those who rely on the conduct of public authorities must take notice of the limits of their power. See West v. Bentleville, 42 Ohio App.3d 95
(1987). It necessarily follows, therefore, that plaintiff Macera is entitled to injunctive relief to prevent Ms. Lanni from being reinstated as Deputy Town Clerk, as that reinstatement would deprive him of his power of appointment. Plaintiff Macera's request for a permanent injunction to enjoin enforcement of the decision of the Town Council, sitting as the Board of Personnel Review, to reinstate defendant Lanni as Deputy Town Clerk and to enjoin her reinstatement is therefore granted.
Counsel for the parties should confer and submit to the Court forthwith an agreed upon form of order and judgment reflective of this decision.
[1] The defendants rely on Chester v. aRusso, 667 A.2d 519
(R.I. 1995) for the assertion that provisions in collective bargaining agreements which provide employees with greater protection than that afforded to them under the Charter, and which are in accordance with the provisions of the general laws, prevail over the contrary Charter provisions. However, theChester court stated that the Collective Bargaining Agreement must be valid and enforceable. Since this Court has held that § 10.9 of the Collective Bargaining Agreement is null and void, the defendants' argument must fail.
[2] Article IV, § 4.6(1) of the Johnston Town Charter provides that "[t]he mayor shall be the chief executive and administrative officer of the town and shall be responsible for the administration of all departments, offices and agencies except as otherwise provided by this Charter. To accomplish this purpose he shall [a]ppoint and remove for cause any officer or employee of the town except as otherwise provided by this Chapter. . . ." Article V, § 5-1 of the Johnston Town Charter provides that the Deputy Town Clerk is appointed by the Mayor and serves at his pleasure.