**TOWN OF WEST WARWICK**

v.

**LOCAL 1104, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL–CIO, CLC et al.**

**No. 98–453–Appeal.**

Supreme Court of Rhode Island.

Feb. 23, 2000.

Rosemary Healey, Providence, for Plaintiff.

Joseph J. Pezza, Kingstown, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this appeal, Local 1104, International Association of Firefighters, AFL–CIO, CLC, and its officers (collectively, the union), appeal from entry of a Superior Court final judgment in favor of the Town of West Warwick (the town) that precluded arbitration, pursuant to a collective bargaining agreement, of grievances said to have resulted from the dismissal of two town employees. The town, in its petition for declaratory and injunctive relief, had alleged that the dismissal of the two town fire department employees, following their felony convictions for embezzlement, was authorized and mandated by terms of the town's Home Rule Charter (the charter) and, thus, was not arbitrable as a griev-

ance under the terms of the collective bargaining agreement between the town and the labor union defendant. The sole issue before us is whether the dismissal of the two convicted town firefighters was arbitrable.

In its appeal, the union asserts that the dismissals were arbitrable because the charges against the two firefighters predated amendments to the charter that mandate the dismissal of town employees who plead nolo contendere to any felony charge. The union contends that application of the amendments in this case violated the ex post facto clauses in both the Rhode Island and United States Constitutions. *See* Article I, section 10, of the United States Constitution; article 1, section 12, of the Rhode Island Constitution.

We ordered the parties to appear and show cause why the issues raised in the union's appeal should not be summarily decided. After hearing their oral arguments and reviewing their respective memoranda, we conclude that no cause has been shown and we proceed at this time to summarily decide the issue.

In May 1996, Paul Legault (Legault), a firefighter employed by the town, was charged with feloniously embezzling funds from the Firefighters Relief Association. Around the same time, fellow firefighter, Kenneth Lemme (Lemme), was charged with feloniously embezzling funds from the firefighters' union. In November 1996, while the charges were pending, the town amended its charter to include automatic dismissal for employees who either plead guilty or enter a plea of nolo contendere to any felony charge.

On January 31, 1997, both firefighters entered pleas of nolo contendere and both were sentenced to five years of probation. In addition, Legault was ordered to pay $1,000 in restitution to the Firefighters Relief Association and Lemme was ordered to pay $2,400 in restitution to the firefighters' union. Subsequently, after notice and hearing, both firefighters were

terminated from their employment, on February 20, 1997. On March 1, 1997, they filed grievances with the town. The grievances were denied, and the union then demanded arbitration pursuant to the existing collective bargaining agreement with the town. On August 15, 1997, the town filed the instant action seeking a stay of the arbitration proceedings and a declaration by the Superior Court that the dismissals were not arbitrable.

The union asserts that a plea of nolo contendere followed by probation is not a conviction for purposes of the pre-amendment charter and that because the new charter effectively increases the existing legal punishment for the two firefighters, its application violates the ex post facto clause. We disagree.

■ At the time the charges were brought, the town charter provided for automatic dismissal only of town employees who were convicted of a felony. It is true that when the embezzlement charges were filed against both town employees, the town charter amendments in question had yet to be enacted. However, that fact is of little moment because when both employees entered their pleas of nolo contendere, in each case constituting a plea of guilty, it was at that time that they were convicted and sentenced. At that time also, the charter amendments were in effect.

In *Town of West Warwick v. Local 2045, Council 94*, 714 A.2d 611 (R.I.1998) (order), and *Town of West Warwick v. Local 2045*, 714 A.2d 613 (R.I.1998) (amended order), we upheld dismissals and subsequent denials of arbitration when the town discovered that some of its employees were convicted felons. In *Local 2045, Council 94*, 714 A.2d at 612, we specifically stated that "a valid employment requirement prescribed by state law cannot be negotiated and is not a proper subject for arbitration." It is of no meaningful difference that, in this case, a town Home Rule Charter law is the controlling law.

The union's ex post facto assertion apparently is founded upon the erroneous assumption that the employees' loss of employment constituted a criminal punishment pursuant to the amended town charter provisions in question and, as such, was in violation of both federal and state constitution ex post facto prohibitions.

■ A violation of the ex post facto clause occurs only when there is retrospective application of law that disadvantages an offender "by altering the definition of criminal conduct or increasing the punishment for the crime." *State v. Desjarlais*, 731 A.2d 716, 717–18 (R.I.1999) (per curiam) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S.Ct. 891, 896, 137 L.Ed.2d 63, 72 (1997)). It is black letter law that the ex post facto clause in both our state and federal constitutions only prohibit retroactive *penal* legislation. *See Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); *State v. Figueroa*, 639 A.2d 495, 499 (R.I.1994). The town charter amendments in question provide no criminal penalties and the loss of employment at most was merely a *civil* penalty.

Accordingly, for all the foregoing reasons, the plaintiffs' appeal is denied. The final judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.