Filed 6/25/21  P. v. White CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074045 |
| v. | (Super.Ct.No. FVI18002935) |
| ANTHONY WHITE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Joel S. Agron, Judge. Affirmed as modified.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Arlene A. Sevidal and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Anthony White, Jr., of three resisting arrest misdemeanors. The court sentenced him to three years' probation. White appeals, arguing that under recently enacted Assembly Bill No. 1950 (2019-2020 Reg. Session) (Stats. 2020, ch. 328, § 1) (Assembly Bill 1950) his probation should be reduced to one year. The People agree and so do we.

## I

## FACTS

Because they are irrelevant to the issue on appeal, we do not summarize the facts underlying White's convictions. On October 28, 2019, a jury found White guilty on three misdemeanor counts of resisting arrest. (Pen. Code, § 148, subd. (a)(1), unlabeled statutory citations refer to this code.) The trial court placed White on three years' probation. On November 5, 2019, White timely appealed.

Assembly Bill 1950 went into effect on January 1, 2021, while White's appeal was pending.

## II

## ANALYSIS

White argues Assembly Bill 1950 applies to him and requires we reduce his sentence from three years' probation to one. The People agree, but argue remand is necessary to allow the trial court to fully resentence White. We agree White is entitled to the ameliorative benefits of Assembly Bill 1950. We also agree with White that the appropriate remedy is to reduce his probation term without remanding.

Assembly Bill 1950 went into effect on January 1, 2021, and amended section 1203a to limit the probation period for any misdemeanor violation to one year. (§ 1203a.) This limitation applies to the entire sentence and not to each individual conviction. (*Fayad v. Superior Court* (1957) 153 Cal.App.2d 79, 84 ["multiple sentences directed to run consecutively are to be regarded as a single 'sentence of imprisonment' for the purpose of applying the provisions of Penal Code, section 1203a, and the court is without authority to impose a series of separate and consecutive periods of probation."].)

"When an amendatory statute either lessens the punishment for a crime or . . . ' "vests in the trial court discretion to impose either the same penalty as under the former law or a lesser penalty," ' it is reasonable for courts to infer, absent evidence to the contrary and as a matter of statutory construction, that the Legislature intended the amendatory statute to retroactively apply to the fullest extent constitutionally permissible—that is, to all cases not final when the statute becomes effective." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972, italics omitted.) Two other courts have recently found that this presumption of retroactivity applies to Assembly Bill 1950, and therefore probationers whose cases were not final at the time Assembly Bill 1950 went into effect are entitled to its ameliorative effects. (See *People v. Sims* (2021) 59 Cal.App.5th 943, 956-958 (*Sims*); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885 (*Quinn*).)

We find these cases persuasive, and because White's conviction was not final as of the effective date of this change, he is entitled to the ameliorative benefits of Assembly

3

Bill 1950. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [" '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' "].) Moreover, the People concede he is entitled to such retroactive application.

The only remaining issue is the exact remedy to which White is entitled. White argues we can and should reduce his probation period from three years to one. The People argue we must remand to allow the trial court to resentence White. The parties point to two published opinions—*Quinn* and *Sims*—that took opposite approaches. *Sims* remanded, while *Quinn* didn't. However, neither explained their reasoning for their chosen disposition in any detail, nor have we identified any other published opinions addressing this issue directly. Nevertheless the People argue the *Sims* approach is the correct one because "Merely striking any portion of the probationary term that exceeds two years deprives the superior court and the parties of a necessary determination of the status of the probationer at the time it was terminated." In addition, the People argue "[r]emand permits the trial court to adjust, modify, or strike probation terms, so that they can be complied with before termination of probation or removed from consideration when courts subsequently assess whether probation was terminated successfully."

We are unpersuaded that remand is necessary. White argues, correctly, that the People's argument conflates reduction of the sentence with termination of probation. Reducing White's probation period would not deprive the trial court of its authority to

4

determine whether White successfully completed probation or whether a violation during the proper probationary period justifies revocation or tolling. Nor would it limit the Peoples' ability to contest termination, as the trial court retains jurisdiction to modify or terminate probation. (§ 1203.3, subd. (a); *Quinn, supra,* 59 Cal.App.5th at pp. 884-885 & fn. 6.)

Accordingly, we conclude the proper remedy is to reduce White's probationary term without remand.

## III

## DISPOSITION

The order granting probation is modified and reduced to one year. The trial court is directed to correct the minute order to reflect the imposition of a one-year term of formal probation, and to notify probation of the change to defendant's probationary term. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH_____
J.

We concur:


MILLER_____
            Acting P. J.


FIELDS_____
            J.

5